EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| LEONARD HOWARD, individually and on behalf of all others situated, |
| Plaintiff, |
| v. |
| LIQUIDITY SERVICES INC., WILLIAM P. ANGRICK III, and JAMES M. RALLO, |
| Defendants. |

Case No. 1:14-cv-01183-BAH

Chief Judge Beryl A. Howell

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Civil Rules of the United States District Court for the District of Columbia (the "Local Rules"), Liquidity Services Inc. ("LSI" or the "Company"), William P. Angrick III, and James M. Rallo (collectively, the "Defendants"), by and through their undersigned counsel, respond and object to Plaintiffs' First Set of Requests for Admission, dated July 18, 2016 (the "Requests," and each specific request therein a "Request").

## GENERAL OBJECTIONS

1.      Defendants object to the Requests (including, without limitation, the Definitions and Instructions therein) to the extent that they purport to impose any obligations on Defendants greater than those imposed by the Federal Rules, the Local Rules, and/or any other applicable rules, statutes, or Court orders governing the scope, timing, or extent of discovery in the above-captioned action (the "Action").

2.      Defendants object to the Requests on the grounds that they are premature in that they call for the admission or denial of matters that will be the subject of expert opinions and analyses months before Defendants are required by the scheduling order in the Action to oppose class certification or disclose any expert reports or opinions.

3.      Defendants object to the Requests to the extent that they call for Defendants to admit or deny conclusions concerning data or information that is in the possession of third parties who are not within Defendants' control.

4.      Defendants object to the Requests, including, but not limited to Request No. 4, to the extent that they require an analysis of dozens of paragraphs of factual allegations and legal conclusions in the Amended Complaint in the Action (the "Amended Complaint") (ECF No. 35).

5.      Defendants object to the Requests to the extent that they are premised on the assumption that claims regarding Network International and GoIndustry, which according to the Amended Complaint, artificially inflated the Company's share price, are still part of the case and that Plaintiffs do not need to disaggregate the price impact (if any) of these statements (or any other challenged) statements or disclosures, including statements that are not challenged as false, as well as ones that are challenged.

6.      Defendants object to each of the Requests to the extent that they seek admissions of legal conclusions which are not an appropriate subject of a request for admission. *See Moore's Federal Rules Pamphlet*, §36.3[3]; *Disability Rights Council of Greater Washington et al. v. Washington Metropolitan Area Transit Authority*, 64 Fed. R. Serv. 3d 221 (D.D.C. 2006).

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

7.      Defendants object to the Definitions and Instructions to the extent that they purport to impose any obligations on Defendants greater than those imposed by the Federal

Rules, the Local Rules, and/or any other applicable rules, statutes, or Court orders governing the scope, timing, or extent of discovery in this Action.

8.   Defendants object to the definition of the term "Liquidity" or "Company" as overbroad, vague, ambiguous, and unduly burdensome to the extent it includes "any of its direct or indirect subsidiaries, divisions or affiliates (foreign or domestic), predecessors, successors, and any present and former officers, directors, employees, agents, members or agents of the Board, directors, accountants, advisors, and all other persons acting or purporting to act on its behalf." Defendants will interpret the terms "Liquidity" or the "Company" to refer to LSI and its officers, Board of Directors, and employees during the Class Period, to the extent such officers, Board of Directors, and employees possess information relevant to the claims or defenses remaining in this Action.

**SPECIFIC OBJECTIONS AND RESPONSES**

The foregoing General Objections and Objections to Definitions and Instructions (the "Objections") expressly apply to each of the specific Requests and are incorporated by reference into (and will not be repeated in) each of the specific Responses and Objections set forth below. No such Objection is waived, either in whole or in part, as to any specific Response stated below. Subject to, and without waiving the foregoing Objections, and reserving their right to supplement and/or amend their Objections and the Responses below, Defendants respond and object to each Request as follows:

**REQUEST FOR ADMISSION NO. 1.**

Admit that the Putative Class contains more than 100 members.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1.**

Subject to and without waiving the Objections, Defendants further object to the extent that the term "Putative Class" is not defined, and assuming that the term is defined in the

3

Amended Complaint as "all persons who purchased or otherwise acquired Liquidity common stock during the Class Period and who were damaged thereby" (¶ 31), denied.

**REQUEST FOR ADMISSION NO. 2.**

Admit that there were more than 1,000 purchasers of Liquidity common stock during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2.**

Subject to and without waiving the Objections, admitted.

**REQUEST FOR ADMISSION NO. 3.**

Admit that the fact that there were more than 1000 purchasers of Liquidity common stock during the Class Period supports a finding that the Putative Class is so numerous that joinder of all members of the Putative Class would be impracticable.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3.**

Subject to and without waiving the Objections, admit that there were more than 1,000 purchasers of Liquidity Stock during the alleged class period and object to the remainder of the question on the grounds that it calls for a conclusion of law, which is not an appropriate subject of a request for admission and thus no response is required.

**REQUEST FOR ADMISSION NO. 4.**

Admit that paragraphs 243–273 of the Complaint include questions of law that are common to all Putative Class members, such as whether the Individual Defendants acted with scienter.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4.**

Subject to and without waiving the Objections, denied and Defendants further object to the extent this request seeks an admission about a conclusion of law, such as whether scienter is a question of law that is common to all purported class members, and thus no response is required.

WEIL:\95822574\6\59612.0003

**REQUEST FOR ADMISSION NO. 5.**

Admit that whether Defendants violated sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated under § 10 of the Exchange Act (17 C.F.R. § 240.10b-5), as alleged in paragraphs 292–306 of the Complaint, is a question of law and/or fact common to all Putative Class members.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5.**

Subject to and without waiving the Objections, denied and Defendants further object on the grounds that this question seeks admissions about conclusions of law and thus no response is required.

**REQUEST FOR ADMISSION NO. 6.**

Admit that paragraphs 99–242 of the Complaint allege misrepresentations and omissions from Liquidity's SEC filings, press releases, and earnings calls that form a common course of conduct that affected all members of the Putative Class.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6.**

Subject to and without waiving the Objections, denied.

**REQUEST FOR ADMISSION NO. 7.**

Admit that whether Defendants publicly omitted and/or misrepresented material facts, as alleged in paragraphs 104, 109, 115, 121, 132, 138, 144, 150, 154, 156, 158, 159, 166, 171, 175, 181, 186, 190, 196, 201, 207, 211, 219, 224, 229, and 231 of the Complaint is a question of law and/or fact common to all Putative Class members.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7.**

Subject to and without waiving the Objections, denied and Defendants further object to this Request to the extent it seeks admissions about conclusions of law.

**REQUEST FOR ADMISSION NO. 8.**

Admit that whether Defendants' alleged misrepresentations and/or omissions caused Putative Class members to suffer economic losses, as alleged at paragraphs 280–289 of the Complaint, is a question of law and/or fact common to all Putative Class members.

WEIL:\95822574\6\59612.0003

**RESPONSE TO REQUEST FOR ADMISSION NO. 8.**

Subject to and without waiving the Objections, denied and Defendants further object to this Request to the extent it seeks admissions about conclusions of law and thus no response is required.

**REQUEST FOR ADMISSION NO. 9.**

Admit that the extent to which members of the Putative Class are alleged to have sustained damages, as alleged at paragraph 282 of the Complaint, is a question of law and/or fact common to all Putative Class members.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9.**

Subject to and without waiving the Objections, denied and Defendants further object to this Request to the extent it seeks admissions about conclusions of law and thus no response is required.

**REQUEST FOR ADMISSION NO. 10.**

Admit that Defendant Angrick had direct and supervisory involvement in the day-to-day operations of the Company during the Class Period, including with respect to Liquidity's organic growth strategies.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10.**

Subject to and without waiving the Objections, Defendants further object to this Request on the grounds and to the extent that it is vague and ambiguous, including but not limited to the meaning of the undefined and compound phrase "direct and supervisory involvement in the day-to-day operations of the Company." Otherwise denied, except admitted that Defendant Angrick had supervisory involvement with respect to the operations of the Company, including with respect to Liquidity's organic growth strategies.

**REQUEST FOR ADMISSION NO. 11.**

Admit that Defendant Rallo had direct and supervisory involvement in the day-to-day operations of the Company during the Class Period, including with respect to Liquidity's organic growth strategies.

WEIL:\95822574\6\59612.0003

**RESPONSE TO REQUEST FOR ADMISSION NO. 11.**

Subject to and without waiving the Objections, Defendants further object to this Request on the grounds and to the extent that it is vague and ambiguous, including but not limited to the meaning of the undefined and compound phrase "direct and supervisory involvement in the day-to-day operations of the Company." Otherwise, and upon reasonable inquiry, denied.

**REQUEST FOR ADMISSION NO. 12.**

Admit that questions common to all Putative Class members predominate over questions affecting only individual members of the Putative Class.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12.**

Subject to and without waiving the Objections, denied and Defendants further object to this Request to the extent it seeks admissions about conclusions of law and thus no response is required.

**REQUEST FOR ADMISSION NO. 13.**

Admit that the claims of the Putative Class will involve the same legal theories and set of operative facts as the claims alleged by Plaintiffs throughout the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13.**

Subject to and without waiving the Objections, denied and Defendants further object to this Request to the extent it seeks admissions about (i) what Plaintiffs' counsel may or may not choose to argue and/or attempt to prove, including with respect to limits on Class definition (if any class at all is certified) or possible subclasses; and (ii) conclusions of law and thus no response is required.

**REQUEST FOR ADMISSION NO. 14.**

Admit that Plaintiffs' claims, as alleged throughout the Complaint, are typical of the Putative Class's claims.

WEIL:\95822574\6\59612.0003

**RESPONSE TO REQUEST FOR ADMISSION NO. 14.**

Subject to and without waiving the Objections, denied and Defendants further object to this Request to the extent it seeks admissions about conclusions of law and thus no response is required.

**REQUEST FOR ADMISSION NO. 15.**

Admit that Liquidity's common stock traded on the NASDAQ throughout the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15.**

Subject to and without waiving the Objections, admitted.

**REQUEST FOR ADMISSION NO. 16.**

Admit that the NASDAQ is an efficient market exchange.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16.**

Subject to and without waiving the Objections, Defendants lack knowledge or information to permit them to respond to this Request, and the information known or readily available to Defendants is insufficient to enable them to admit or deny this Request. In particular, none of the Defendants (i) is an expert witness; (ii) has conducted a market event study; or (iii) possesses knowledge or information that would enable him or it to determine whether NASDAQ is (or has been) an efficient market exchange for all securities at all times. Neither the Federal Rules nor Defendants' obligation of "reasonable inquiry" require Defendants to engage an expert witness to determine the efficiency of NASDAQ.  Defendants further state that market efficiency is to be determined based on an analysis of a particular security and that simply because a security trades on a public exchange does not mean that the market for that security is efficient; rather, trading on a public exchange is a factor, among many, that a court may consider in assessing market efficiency.

WEIL:\95822574\6\59612.0003

**REQUEST FOR ADMISSION NO. 17.**

      Admit that the fact that Liquidity's common stock traded on the NASDAQ during the Class Period supports a finding that the market for Liquidity's common stock was efficient during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17.**

      Subject to and without waiving the Objections, Defendants admit that Liquidity's common stock traded on the NASDAQ during the Class Period and object to the remainder of this Request on the grounds that it seeks admissions about conclusions of law and thus no response is required.

**REQUEST FOR ADMISSION NO. 18.**

      Admit that the average market capitalization for Liquidity based upon the trading price of its common stock was approximately $1.1 billion during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18.**

      Subject to and without waiving the Objections, admitted.

**REQUEST FOR ADMISSION NO. 19.**

      Admit that the average market capitalization for Liquidity common stock was never below $546,000,000 during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19.**

      Subject to and without waiving the Objections, admitted.

**REQUEST FOR ADMISSION NO. 20.**

      Admit that the daily trading volume for Liquidity common stock during the Class Period was no less than 63,000 shares.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20.**

      Subject to and without waiving the Objections, admitted.

**REQUEST FOR ADMISSION NO. 21.**

      Admit that the average weekly trading volume for Liquidity common stock during the Class Period was no less than 1.7% of shares outstanding.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21.**

Subject to and without waiving the Objections, admitted.

**REQUEST FOR ADMISSION NO. 22.**

Admit that the average weekly trading volume in Liquidity's common stock during the Class Period supports a strong presumption that the market for Liquidity's common stock was efficient during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22.**

Subject to and without waiving the Objections, denied.

**REQUEST FOR ADMISSION NO. 23.**

Admit that, as of the end of each fiscal quarter during the Class Period, institutional investors owned more than 70% of the shares outstanding of Liquidity common stock.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23.**

Subject to and without waiving the Objections, admitted.

**REQUEST FOR ADMISSION NO. 24.**

Admit that there were between approximately 29,000,000 and 32,000,000 shares of Liquidity common stock outstanding throughout the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24.**

Subject to and without waiving the Objections, admitted.

**REQUEST FOR ADMISSION NO. 25.**

Admit that at least 9 securities analysts covered Liquidity during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25.**

Subject to and without waiving the Objections, admitted that at least nine equity research analysts covered LSI at various times during the Class Period, but denied that at least nine equity research analysts covered LSI at all times during the Class Period.

WEIL:\95822574\6\59612.0003

**REQUEST FOR ADMISSION NO. 26.**

Admit that the number of securities analysts that covered Liquidity during the Class Period supports a finding that the market for Liquidity's common stock was efficient during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26.**

Subject to and without waiving the Objections, Defendants further object to this Request on the grounds that it seeks a conclusion of law and thus no response is required.

**REQUEST FOR ADMISSION NO. 27.**

Admit that, as a registered issuer, Liquidity was eligible to file a Form S-3 Registration Statement with the SEC throughout the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27.**

Subject to and without waiving the Objections, admitted.

**REQUEST FOR ADMISSION NO. 28.**

Admit that the fact that Liquidity was eligible to file a Form S-3 during the Class Period supports a finding that the market for Liquidity's common stock was efficient during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28.**

Subject to and without waiving the Objections, Defendants further object to this Request on the grounds that it seeks a conclusion of law and thus no response is required.

**REQUEST FOR ADMISSION NO. 29.**

Admit that, throughout the Class Period, Defendants regularly disseminated information to investors through press releases, periodic filings with the SEC, conference calls, and other public disclosures.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29.**

Subject to and without waiving the Objections, Defendants further object to this Request on the grounds that it is vague and ambiguous, including but not limited to the meaning of the undefined term "regularly." Admitted that, throughout the Class Period, the Company

periodically disseminated information to investors through press releases, periodic filings with the SEC, conference calls, and other public disclosures.

## REQUEST FOR ADMISSION NO. 30.

Admit that, throughout the Class Period, Liquidity's common stock price ranged between $16.92 and $65.26 (at close) and that the price reflected all available public information about the Company.

## RESPONSE TO REQUEST FOR ADMISSION NO. 30.

Subject to and without waiving the Objections, and after reasonable inquiry, Defendants lack knowledge or information to permit them to respond to this Request, and the information known or readily available to Defendants is insufficient to enable them to admit or deny this Request. In particular, none of the Defendants (i) is an expert witness; (ii) has conducted a market event study; or (iii) possesses knowledge or information that would enable him or her to determine whether the price of Liquidity's common stock "reflected all available public information about the Company." Neither the Federal Rules, nor Defendants' obligation of "reasonable inquiry," require Defendants to engage an expert witness to determine the efficiency of LSI stock. Admitted that, throughout the Class Period, LSI's common stock price ranged between $16.92 and $65.26 (at close).

## REQUEST FOR ADMISSION NO. 31.

Admit that throughout the Class Period, Liquidity's common stock price reacted to new material information regarding stock value.

## RESPONSE TO REQUEST FOR ADMISSION NO. 31.

Subject to and without waiving the Objections, and after reasonable inquiry, Defendants lack knowledge or information to permit them to respond to this Request, and the information known or readily available to Defendants is insufficient to enable them to admit or deny this Request. In particular, none of the Defendants (i) is an expert witness; (ii) has

WEIL:\95822574\6\59612.0003

conducted a market event study; or (iii) possesses knowledge or information that would enable him to determine whether or when "Liquidity's common stock price reacted to new material information regarding stock value." Neither the Federal Rules, nor Defendants' obligation of "reasonable inquiry," require Defendants to engage an expert witness to determine the efficiency of LSI stock.

## REQUEST FOR ADMISSION NO. 32.

Admit that throughout the Class Period, Liquidity's common stock price reacted rapidly to new material information regarding stock value.

## RESPONSE TO REQUEST FOR ADMISSION NO. 32.

Subject to and without waiving the Objections, Defendants further object to this Request on the grounds and to the extent that it is vague and ambiguous, including but not limited to the meaning of the undefined term "rapidly." After reasonable inquiry, Defendants lack knowledge or information to permit them to respond to this Request, and the information known or readily available to Defendants is insufficient to enable them to admit or deny this Request. In particular, none of the Defendants (i) is an expert witness; (ii) has conducted a market event study; or (iii) possesses knowledge or information that would enable him to determine whether or when "Liquidity's common stock price reacted rapidly to new material information regarding stock value." Neither the Federal Rules, nor Defendants' obligation of "reasonable inquiry," require Defendants to engage an expert witness to determine the efficiency of LSI stock.

## REQUEST FOR ADMISSION NO. 33.

Admit that, throughout the Class Period, there was a cause-and-effect relationship between public disclosures made by the Defendants and a rapid response in Liquidity's common stock price.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33.**

Subject to and without waiving the Objections, Defendants further object to this Request on the grounds and to the extent that it is vague and ambiguous, including but not limited to the meaning of the undefined term "rapid." After reasonable inquiry, Defendants lack knowledge or information to permit them to respond to this Request, and the information known or readily available to Defendants is insufficient to enable them to admit or deny this Request. In particular, none of the Defendants (i) is an expert witness; (ii) has conducted a market event study; or (iii) possesses knowledge or information that would enable him to determine whether or when "there was a cause-and-effect relationship between public disclosures made by the Defendants and a rapid response in Liquidity's common stock price." Neither the Federal Rules, nor Defendants' obligation of "reasonable inquiry," require Defendants to engage an expert witness to determine the efficiency of LSI stock.

**REQUEST FOR ADMISSION NO. 34.**

Admit that the cause-and-effect relationship between public disclosures made by the Defendants and the rapid response in Liquidity's common stock price during the Class Period supports a finding that the market for Liquidity's common stock was efficient during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34.**

Subject to and without waiving the Objections, Defendants further object to this Request for the reasons set forth in their Responses to Requests Nos. 32 and 33 and further object to this Request to the extent it assumes facts that Defendants have not admitted and seeks admissions about conclusions of law and thus no response is required.

**REQUEST FOR ADMISSION NO. 35.**

Admit that, throughout the Class Period, more than 230 market makers traded in Liquidity common stock.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35.**

Subject to and without waiving the Objections, and after reasonable inquiry, Defendants lack knowledge or information to permit them to respond to this Request, and the information known or readily available to Defendants is insufficient to enable them to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 36.**

Admit that the fact that more than 230 market makers traded in Liquidity common stock during the Class Period supports a finding that the market for Liquidity's common stock was efficient during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36.**

Subject to and without waiving the Objections, Defendants further object to this Request to the extent it seeks admissions about conclusions of law and thus no response is required.

**REQUEST FOR ADMISSION NO. 37.**

Admit that Liquidity's announcement of its first quarter results on February 1, 2012 was widely disseminated and rapidly incorporated into Liquidity's stock price.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37.**

Subject to and without waiving the Objections, Defendants further object to this Request on the grounds and to the extent that it is vague and ambiguous, including but not limited to the meaning of the undefined term "rapidly." After reasonable inquiry, Defendants lack knowledge or information to permit them to respond to this Request, and the information known or readily available to Defendants is insufficient to enable them to admit or deny this Request. In particular, none of the Defendants (i) is an expert witness; (ii) has conducted a market event study; or (iii) possesses knowledge or information that would enable him or her to determine whether "Liquidity's announcement of its first quarter results on February 1, 2012 was

WEIL:\95822574\6\59612.0003

widely disseminated and rapidly incorporated into Liquidity's stock price." Neither the Federal

Rules, nor Defendants' obligation of "reasonable inquiry," require Defendants to engage an

expert witness to determine the efficiency of LSI stock.

**REQUEST FOR ADMISSION NO. 38.**

Admit that Liquidity's announcement of its second quarter results on May 3, 2012 was widely disseminated and rapidly incorporated into Liquidity's stock price.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38.**

Subject to and without waiving the Objections, Defendants further object to this

Request on the grounds and to the extent that it is vague and ambiguous, including but not

limited to the meaning of the undefined term "rapidly." After reasonable inquiry, Defendants

lack knowledge or information to permit them to respond to this Request, and the information

known or readily available to Defendants is insufficient to enable them to admit or deny this

Request. In particular, none of the Defendants (i) is an expert witness; (ii) has conducted a

market event study; or (iii) possesses knowledge or information that would enable him or her to

determine whether "Liquidity's announcement of its second quarter results on May 3, 2012 was

widely disseminated and rapidly incorporated into Liquidity's stock price." Neither the Federal

Rules, nor Defendants' obligation of "reasonable inquiry," require Defendants to engage an

expert witness to determine the efficiency of LSI stock.

**REQUEST FOR ADMISSION NO. 39.**

Admit that Liquidity's announcement of its third quarter results on July 31, 2012 was widely disseminated and rapidly incorporated into Liquidity's stock price.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39.**

Subject to and without waiving the Objections, Defendants further object to this

Request on the grounds and to the extent that it is vague and ambiguous, including but not

limited to the meaning of the undefined term "rapidly." After reasonable inquiry, Defendants

WEIL:\95822574\6\59612.0003

lack knowledge or information to permit them to respond to this Request, and the information known or readily available to Defendants is insufficient to enable them to admit or deny this Request. In particular, none of the Defendants (i) is an expert witness; (ii) has conducted a market event study; or (iii) possesses knowledge or information that would enable him or her to determine whether "Liquidity's announcement of its third quarter results on July 31, 2012 was widely disseminated and rapidly incorporated into Liquidity's stock price." Neither the Federal Rules, nor Defendants' obligation of "reasonable inquiry," require Defendants to engage an expert witness to determine the efficiency of LSI stock.

**REQUEST FOR ADMISSION NO. 40.**

Admit that Liquidity's announcement of its fourth quarter results on November 29, 2012 was widely disseminated and rapidly incorporated into Liquidity's stock price.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40.**

Subject to and without waiving the Objections, Defendants further object to this Request on the grounds and to the extent that it is vague and ambiguous, including but not limited to the meaning of the undefined term "rapidly." After reasonable inquiry, Defendants lack knowledge or information to permit them to respond to this Request, and the information known or readily available to Defendants is insufficient to enable them to admit or deny this Request. In particular, none of the Defendants (i) is an expert witness; (ii) has conducted a market event study; or (iii) possesses knowledge or information that would enable him or her to determine whether "Liquidity's announcement of its fourth quarter results on November 29, 2012 was widely disseminated and rapidly incorporated into Liquidity's stock price." Neither the Federal Rules, nor Defendants' obligation of "reasonable inquiry," require Defendants to engage an expert witness to determine the efficiency of LSI stock.

WEIL:\95822574\6\59612.0003

**REQUEST FOR ADMISSION NO. 41.**

Admit that Liquidity's announcement of its preliminary first quarter GMV results on January 16, 2013 was widely disseminated and rapidly incorporated into Liquidity's stock price.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41.**

Subject to and without waiving the Objections, Defendants further object to this Request on the grounds and to the extent that it is vague and ambiguous, including but not limited to the meaning of the undefined term "rapidly." After reasonable inquiry, Defendants lack knowledge or information to permit them to respond to this Request, and the information known or readily available to Defendants is insufficient to enable them to admit or deny this Request. In particular, none of the Defendants (i) is an expert witness; (ii) has conducted a market event study; or (iii) possesses knowledge or information that would enable him or her to determine whether "Liquidity's announcement of its preliminary first quarter GMV results on January 16, 2013 was widely disseminated and rapidly incorporated into Liquidity's stock price." Neither the Federal Rules, nor Defendants' obligation of "reasonable inquiry," require Defendants to engage an expert witness to determine the efficiency of LSI stock.

**REQUEST FOR ADMISSION NO. 42.**

Admit that Liquidity's announcement of its first quarter results on January 31, 2013 was widely disseminated and rapidly incorporated into Liquidity's stock price.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42.**

Subject to and without waiving the Objections, Defendants further object to this Request on the grounds and to the extent that it is vague and ambiguous, including but not limited to the meaning of the undefined term "rapidly." After reasonable inquiry, Defendants lack knowledge or information to permit them to respond to this Request, and the information known or readily available to Defendants is insufficient to enable them to admit or deny this

18

Request. In particular, none of the Defendants (i) is an expert witness; (ii) has conducted a market event study; or (iii) possesses knowledge or information that would enable him or her to determine whether "Liquidity's announcement of its first quarter results on January 31, 2013 was widely disseminated and rapidly incorporated into Liquidity's stock price." Neither the Federal Rules, nor Defendants' obligation of "reasonable inquiry," require Defendants to engage an expert witness to determine the efficiency of LSI stock.

**REQUEST FOR ADMISSION NO. 43.**

Admit that Liquidity's announcement of its second quarter results on May 2, 2013 was widely disseminated and rapidly incorporated into Liquidity's stock price.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43.**

Subject to and without waiving the Objections, Defendants further object to this Request on the grounds and to the extent that it is vague and ambiguous, including but not limited to the meaning of the undefined term "rapidly." After reasonable inquiry, Defendants lack knowledge or information to permit them to respond to this Request, and the information known or readily available to Defendants is insufficient to enable them to admit or deny this Request. In particular, none of the Defendants (i) is an expert witness; (ii) has conducted a market event study; or (iii) possesses knowledge or information that would enable him or her to determine whether "Liquidity's announcement of its second quarter results on May 2, 2013 was widely disseminated and rapidly incorporated into Liquidity's stock price." Neither the Federal Rules, nor Defendants' obligation of "reasonable inquiry," require Defendants to engage an expert witness to determine the efficiency of LSI stock.

**REQUEST FOR ADMISSION NO. 44.**

Admit that Liquidity's announcement of its preliminary third quarter results on July 16, 2013 was widely disseminated and rapidly incorporated into Liquidity's stock price.

WEIL:\95822574\6\59612.0003

**RESPONSE TO REQUEST FOR ADMISSION NO. 44.**

Subject to and without waiving the Objections, Defendants further object to this Request on the grounds and to the extent that it is vague and ambiguous, including but not limited to the meaning of the undefined term "rapidly." After reasonable inquiry, Defendants lack knowledge or information to permit them to respond to this Request, and the information known or readily available to Defendants is insufficient to enable them to admit or deny this Request. In particular, none of the Defendants (i) is an expert witness; (ii) has conducted a market event study; or (iii) possesses knowledge or information that would enable him or her to determine whether "Liquidity's announcement of its preliminary third quarter results on July 16, 2013 was widely disseminated and rapidly incorporated into Liquidity's stock price." Neither the Federal Rules, nor Defendants' obligation of "reasonable inquiry," require Defendants to engage an expert witness to determine the efficiency of LSI stock.

**REQUEST FOR ADMISSION NO. 45.**

Admit that Liquidity's announcement of its third quarter results on August 7, 2013 was widely disseminated and rapidly incorporated into Liquidity's stock price.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45.**

Subject to and without waiving the Objections, Defendants further object to this Request on the grounds and to the extent that it is vague and ambiguous, including but not limited to the meaning of the undefined term "rapidly." After reasonable inquiry, Defendants lack knowledge or information to permit them to respond to this Request, and the information known or readily available to Defendants is insufficient to enable them to admit or deny this Request. In particular, none of the Defendants (i) is an expert witness; (ii) has conducted a market event study; or (iii) possesses knowledge or information that would enable him or her to determine whether "Liquidity's announcement of its third quarter results on August 7, 2013 was

WEIL:\95822574\6\59612.0003

widely disseminated and rapidly incorporated into Liquidity's stock price." Neither the Federal Rules, nor Defendants' obligation of "reasonable inquiry," require Defendants to engage an expert witness to determine the efficiency of LSI stock.

**REQUEST FOR ADMISSION NO. 46.**

Admit that Liquidity's announcement of its fourth quarter results on November 21, 2013 was widely disseminated and rapidly incorporated into Liquidity's stock price.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46.**

Subject to and without waiving the Objections, Defendants further object to this Request on the grounds and to the extent that it is vague and ambiguous, including but not limited to the meaning of the undefined term "rapidly." After reasonable inquiry, Defendants lack knowledge or information to permit them to respond to this Request, and the information known or readily available to Defendants is insufficient to enable them to admit or deny this Request. In particular, none of the Defendants (i) is an expert witness; (ii) has conducted a market event study; or (iii) possesses knowledge or information that would enable him or her to determine whether "Liquidity's announcement of its fourth quarter results on November 21, 2013 was widely disseminated and rapidly incorporated into Liquidity's stock price." Neither the Federal Rules, nor Defendants' obligation of "reasonable inquiry," require Defendants to engage an expert witness to determine the efficiency of LSI stock.

**REQUEST FOR ADMISSION NO. 47.**

Admit that Liquidity's announcement of its first quarter results on February 7, 2014 was widely disseminated and rapidly incorporated into Liquidity's stock price.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47.**

Subject to and without waiving the Objections, Defendants further object to this Request on the grounds and to the extent that it is vague and ambiguous, including but not limited to the meaning of the undefined term "rapidly." After reasonable inquiry, Defendants

WEIL:\95822574\6\59612.0003

lack knowledge or information to permit them to respond to this Request, and the information known or readily available to Defendants is insufficient to enable them to admit or deny this Request. In particular, none of the Defendants (i) is an expert witness; (ii) has conducted a market event study; or (iii) possesses knowledge or information that would enable him or her to determine whether "Liquidity's announcement of its first quarter results on February 7, 2014 was widely disseminated and rapidly incorporated into Liquidity's stock price." Neither the Federal Rules, nor Defendants' obligation of "reasonable inquiry," require Defendants to engage an expert witness to determine the efficiency of LSI stock.

**REQUEST FOR ADMISSION NO. 48.**

Admit that Liquidity's common stock traded in an efficient market during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48.**

Subject to and without waiving the Objections, Defendants further object to this Request on the grounds and to the extent that it is vague and ambiguous, including but not limited to the meaning of the undefined term "rapidly." After reasonable inquiry, Defendants lack knowledge or information to permit them to respond to this Request, and the information known or readily available to Defendants is insufficient to enable them to admit or deny this Request. In particular, none of the Defendants (i) is an expert witness; (ii) has conducted a market event study; or (iii) possesses knowledge or information that would enable him or her to determine whether "Liquidity's common stock traded in an efficient market during the Class Period." Neither the Federal Rules, nor Defendants' obligation of "reasonable inquiry," require Defendants to engage an expert witness to determine the efficiency of LSI stock.

WEIL:\95822574\6\59612.0003

**REQUEST FOR ADMISSION NO. 49.**

Admit that the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e), sets forth a common measure of damages for private securities litigation arising under the Securities Exchange Act of 1934.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49.**

Subject to and without waiving the Objections, Defendants further object to this Request to the extent it seeks admissions about conclusions of law and thus no response is required.

**REQUEST FOR ADMISSION NO. 50.**

Admit that once the inflation per share on each day of the Class Period is determined, that damages for each individual Class Member may be calculated formulaically based upon the observable trading of each Class Member.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50.**

Subject to and without waiving the Objections, and after reasonable inquiry, Defendants lack knowledge or information to permit them to respond to this Request, and the information known or readily available to Defendants is insufficient to enable them to admit or deny this Request. In particular, none of the Defendants (i) is an expert witness; (ii) has conducted an appropriate expert analysis of Plaintiffs' purported damages or damage models; or (iii) possesses knowledge or information that would enable him or her to prepare a model of Plaintiffs' purported damages. Neither the Federal Rules, nor Defendants' obligation of "reasonable inquiry," require Defendants to engage an expert witness at this time. Furthermore, whether each individual class member is entitled to a recovery can only be determined post-discovery and/or in a post-trial proceeding in which Defendants have the opportunity to rebut individual claims of reliance and damages. Otherwise, and after a reasonable inquiry, denied.

WEIL:\95822574\6\59612.0003

Dated: August 22, 2016
New York, New York

**WEIL, GOTSHAL & MANGES LLP**

By: /s/ Irwin H. Warren
Irwin H. Warren
Miranda S. Schiller
David P. Byeff
Ondrej Staviscak Diaz
Irisa Chen
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
Email: irwin.warren@weil.com
      miranda.schiller@weil.com
      david.byeff@weil.com
      ondrej.staviscakdiaz@weil.com
      irisa.chen@weil.com

*Attorneys for Liquidity Services, Inc., William P.
Angrick, III, and James M. Rallo*

WEIL:\95822574\6\59612.0003