**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LEONARD HOWARD, individually and on
behalf of all others similarly situated,

Plaintiff,

v.

LIQUIDITY SERVICES INC., *et al.*,

Defendants.

Civil Action No. 14-1183 (BAH)

Chief Judge Beryl A. Howell

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION**
**SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING**
**DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

WHEREAS, as of June 19, 2018, Caisse de dépôt et placement du Québec ("Caisse") and

the City of Newport News Employees' Retirement Fund ("NNERF") (collectively, "Class

Representatives"), on behalf of themselves and each of the members of the certified Class

(defined below), on the one hand, and Liquidity Services, Inc. ("LSI"), William P. Angrick III

("Angrick"), and James M. Rallo ("Rallo") (Angrick and Rallo, collectively, the "Individual

Defendants" and with LSI, the "Defendants"), on the other hand, by and through their counsel of

record, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in this Action,

which is subject to review and approval by the Court under Rule 23 of the Federal Rules of Civil

Procedure and which, together with the exhibits thereto and documents referenced therein, sets

forth the terms and conditions of the proposed Settlement of this Action;

WHEREAS, by Order dated September 6, 2017, the Court certified a Class of all persons

and entities who purchased or otherwise acquired the publicly traded common stock of Liquidity

Services, Inc. during the period from February 1, 2012 through May 7, 2014, inclusive, and who were damaged thereby.  Excluded from the Class, by definition, are: Defendants LSI, William P. Angrick, III, and James M. Rallo, and members of their immediate families; any subsidiary or affiliate of LSI, including any employee retirement and/or benefit plan(s) of LSI or its subsidiaries; the Minnesota limited liability company Jacobs Trading, LLC ("Jacobs Trading, LLC"),[1] and its subsidiaries or affiliates; the directors and officers of LSI or its subsidiaries or affiliates; the directors and officers of Jacobs Trading, LLC; any entity in which any excluded person has a controlling interest; the legal representatives, heirs, successors, and assigns of any excluded person; and any person or entity that validly sought exclusion from the Class in connection with the previously disseminated Notice of Pendency of Class Action (the "Class Notice"), and who does not opt back into the Class pursuant to the requirements set forth below;

WHEREAS, pursuant to this Court's Order dated November 21, 2017, the Class Notice was mailed to potential members of the Class to notify them of, among other things: (a) the Action pending against the Defendants, and the status of the Action and proceedings to such date; (b) the Court's certification of the Action as a class action on behalf of the certified Class; (c) the effect of remaining in, and not seeking exclusion from, the Class on any person or entity that falls within the definition of the Class ("Class Members") (including that Class Members will be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable); and (d) the right of Class Members to request exclusion from the Class, the requirements for requesting exclusion, and the effect of exclusion;

---

[1] The list of persons and entities excluded from the Class by definition was previously modified to include Jacobs Trading LLC.  ECF No. 111.  It is also hereby modified to specify that Jacobs Trading LLC is a Minnesota limited liability company.

WHEREAS, a list of all timely and valid requests for exclusion in connection with the Class Notice was filed with the Court on March 14, 2018 (ECF No. 115);

WHEREAS, the Court has reviewed and considered the Stipulation and the accompanying exhibits;

WHEREAS, the Parties to the Stipulation have consented to the entry of this Order; and

WHEREAS, all capitalized terms used in this Order that are not otherwise defined herein have the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 21st day of June, 2018 that:

1.   The Court has reviewed the Stipulation and preliminarily finds the Settlement set forth therein to be fair, reasonable and adequate, subject to further consideration at, and final determination following, the Settlement Hearing described below.

2.   A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on **Friday, October 5, 2018, at 9:30 a.m.**, for the following purposes:

(a) to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b) to determine whether the Final Order and Judgment ("Judgment") as provided under, and attached as an exhibit to, the Stipulation should be entered;

(c) to determine whether the Class Representatives' proposed Plan of Allocation is fair, reasonable and adequate, and should be approved by the Court;

(d) to consider Class Counsel's motion for an award of attorneys' fees and expenses; and

(e) to rule upon such other matters as the Court may deem appropriate.

3.      The Court reserves the right to approve the Settlement with or without modification, as agreed to by the Parties, and with or without further notice to the Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement, regardless of whether it has either approved the proposed Plan of Allocation and/or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing or modify any of the other dates provided for herein without further notice to members of the Class.

4.      The Court approves the form, substance and requirements of the Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses (the "Settlement Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

5.      The Court approves the retention of Garden City Group, LLC as the Claims Administrator.  The Claims Administrator shall cause the Settlement Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Class Members who can be identified with reasonable effort, including by using the mailing records obtained in connection with the Class Notice.  LSI, to the extent it has not already done so, shall use its reasonable best efforts to obtain and provide to Class Counsel, or the Claims Administrator, its transfer records, in electronic searchable form, containing the names and addresses of purchasers of the publicly traded common stock of LSI during the Class Period, to the extent that information is reasonably available, no later than five (5) business days after entry of this Preliminary Approval Order.

6.      In the previously disseminated Class Notice, banks, brokers and other nominees ("Nominees") were advised that if, for the beneficial interest of any person or entity other than

4

themselves, they purchased LSI publicly traded common stock during the Class Period, they must either:  (i) request from the administrator sufficient copies of the Class Notice to forward to all such beneficial owners, and forward them to all such beneficial owners; or (ii) provide a list of the names and addresses of all such beneficial owners to the administrator.

(a)     For Nominees who previously chose the first option (*i.e.*, elected to mail the Class Notice directly to beneficial owners), the Claims Administrator shall forward the same number of Claim Packets to such Nominees, and the Nominees shall, within seven (7) calendar days of receipt of the Claim Packets, mail them to the beneficial owners.  Unless the Nominee has identified additional beneficial owners whose names and addresses were not previously provided to the Claims Administrator, such Nominees need not take any further action;

(b)     For Nominees who previously chose the second option (*i.e.*, provided a list of names and addresses of beneficial holders to the Claims Administrator), the Claims Administrator shall promptly mail a copy of the Claim Packet to each of the beneficial owners whose names and addresses the Nominee previously supplied.  Unless the Nominee has identified additional beneficial owners whose names and addresses were not previously provided to the Claims Administrator, such Nominees need not take any further action;

(c)     For Nominees that have identified additional beneficial owners who were not previously identified in connection with the Class Notice, such Nominees shall either: (i) within seven (7) calendar days of receipt of the Claim Packet, provide a list of the names and addresses of all such additional beneficial owners to the Claims Administrator, or (ii) within seven (7) calendar days of receipt of the Claim Packet, request from the Claims Administrator sufficient copies of the Claim Packet to forward to all such additional beneficial owners, which

the Nominee shall, within seven (7) calendar days of receipt of those Claim Packets from the Claims Administrator, mail to the beneficial owners;

   (d) Nominees who elect to send the Claim Packet to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action;

   (e) Upon full and timely compliance with this Order, Nominees who mail the Claim Packets to beneficial owners, or who provide additional names and addresses of beneficial owners to the Claims Administrator, may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses subject to review by the Court.

  7. Class Counsel shall, not later than seven (7) calendar days before the Settlement Hearing, file with the Court proof of mailing of the Settlement Notice and Proof of Claim.

  8. The Court approves the form of the Summary Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses ("Summary Notice"), substantially in the form annexed hereto as Exhibit 3, and directs Class Counsel to cause the Summary Notice to be published in *Investor's Business Daily* and to be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  Class Counsel shall, not later than seven (7) calendar days before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

9.     The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is approved and becomes effective in accordance with the terms and conditions set forth in the Stipulation, each claimant must take the following actions and be subject to the following conditions:

(a)     A properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Settlement Notice, postmarked or electronically submitted no later than 120 calendar days after the Notice Date.  Such deadline may be further extended by Court order or by Class Counsel in their discretion.  Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Settlement Notice.  Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Class Counsel, but shall remain bound by all determinations and judgments in this Action, including the releases, concerning the Settlement, as provided by

paragraph 12 of this Order.  Notwithstanding the foregoing, Class Counsel shall have the discretion (but not the obligation) to accept for processing late-submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed. Class Counsel shall have no liability for exercising their discretion in accepting or rejecting late claims.

(b)    The Proof of Claim submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator, with such supervision by Class Counsel as necessary; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

(c)    As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

11.    Any Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Class Counsel and Defendants' Counsel, at

the addresses set forth in paragraph 15 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  If any Class Member does not enter an appearance, he, she or it will be represented by Class Counsel.

12.    Class Members shall be bound by all orders, determinations and judgments in this Action, including the releases, whether favorable or unfavorable, unless such Persons timely and validly requested exclusion in connection with the Class Notice, and are listed in ECF No. 115.

13.    Any Person that has requested exclusion from the Class in connection with the Class Notice may elect to opt-back into the Class.  By opting back into the Class, such Person shall be eligible to submit a Proof of Claim for payment from the Net Settlement Fund.  Any such Person who wishes to opt-back into the Class must either, individually or through counsel, request to opt-back into the Class in writing to the Claims Administrator within the time and in the manner set forth in the Settlement Notice, which provides that any such request to opt-back into the Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days before the Settlement Hearing, at the address set forth in the Settlement Notice. Each request to opt-back into the Class must:  (a) provide the name, address and telephone number of the person or entity requesting to opt-back into the Class; (b) state that such person or entity "requests to opt-back into the Class in *Howard. v. Liquidity Services, Inc.*, Case No. 1:14-cv-1183-BAH (D.D.C.)"; and (c) be signed by the person or entity requesting to opt-back into the Class or an authorized representative.

14.    Class Members who have validly requested exclusion from the Class, and who do not opt-back into the Class, shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Settlement Notice.

15.     The Court will consider any Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Class Member has: (A) served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, and mailed to Class Counsel: Jonathan Gardner, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005; and Defendants' Counsel: Miranda S. Schiller, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, and (B) filed said objections and supporting papers with the Clerk of the Court, United States District Court for the District of Columbia, 333 Constitution Avenue N.W., Washington D.C. 20001.  Any Class Member who does not make his, her, or its objection in the manner provided for above, and in the Settlement Notice, shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.  The Court will consider all properly asserted objections, even if an objecting Class Member does not attend the Settlement Hearing.  However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the Settlement Hearing, either in person or by counsel (who shall be identified in such written objection and file a notice of appearance in the Action).  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and who further desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witness(es) they may call to testify and any exhibit(s)

they intend to offer into evidence at the Settlement Hearing.  Class Members do not need to appear at the hearing or take any other action to indicate their approval of the proposed Settlement.

16.     Pending final determination of whether the Settlement should be approved, Class Representatives, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts any Released Claims against any of the Released Defendant Parties.

17.     As provided in the Stipulation, before the Effective Date, Class Counsel may pay out of the Settlement Fund, without further approval from Defendants and without further order of the Court, Notice and Administration Expenses.

18.     All papers in support of the Settlement, the proposed Plan of Allocation, and Class Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served not later than thirty-five (35) calendar days before the Settlement Hearing. Any reply papers are to be filed with the Court and served no later than seven (7) calendar days before the Settlement Hearing.

19.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with, but subject to, the terms, conditions, and obligations of the Stipulation, is approved.  No person who is not a Class Member or Class Counsel shall have any right to any portion of, or to any distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

20.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

21.     Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Class Counsel or Class Representatives, and such matters shall be considered separately from, and are not a condition to any determination as to, the fairness, reasonableness and adequacy of the Settlement, or entry of the Judgment, including pursuant to Rule 54(b), approving the Settlement and dismissing the Action.

22.     If the Settlement fails to become effective as defined in the Stipulation or is terminated pursuant to the terms of the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order, shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced or considered as evidence or an admission, or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted, without prejudice, to their respective litigation positions in the Action as of March 7, 2018.

23.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: _____June 21_____, 2018     _____
                                      HONORABLE BERYL A. HOWELL
                                      CHIEF JUDGE

# Exhibit 1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEONARD HOWARD, individually and on behalf of all others situated, | Case No. 1:14-cv-01183-BAH |
| Plaintiff, | Chief Judge Beryl A. Howell |
| v. | |
| LIQUIDITY SERVICES INC., WILLIAM P. ANGRICK III, and JAMES M. RALLO, | |
| Defendants. | |

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND MOTION FOR
ATTORNEYS' FEES AND EXPENSES**

**IF YOU PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED COMMON STOCK OF LIQUIDITY SERVICES, INC. DURING THE PERIOD FROM FEBRUARY 1, 2012, THROUGH MAY 7, 2014, INCLUSIVE, AND WERE DAMAGED THEREBY, YOU MAY BE ENTITLED TO RECEIVE MONEY FROM A CLASS ACTION SETTLEMENT.**

*A Federal Court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.*

This Settlement Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement.  *This notice is different from the Notice of Pendency of Class Action ("Class Notice"), which you might have received at the end of 2017 or beginning of 2018 alerting you to the fact that the Class had been certified.*

- The Settlement, if approved by the Court, will provide a total recovery of **$17,000,000** (on average approximately $0.27 per allegedly damaged share, as calculated by Class Representatives' expert, before the deduction of Court-approved fees and expenses) in cash for the benefit of the Class (described below).[1]

- The Settlement resolves the claims that were or that could have been brought by the Class Representatives, Caisse de dépôt et placement du Québec ("Caisse") and the City of Newport News Employees' Retirement Fund ("NNERF") (collectively, the "Lead Plaintiffs" or "Class Representatives"), on behalf of the Class against Liquidity Services, Inc. ("LSI" or "the Company"), William P. Angrick III ("Angrick"), and James M. Rallo ("Rallo") (Angrick and Rallo, collectively, the "Individual Defendants," and with LSI, the "Defendants").

- Class Representatives claim that Defendants made materially false and misleading statements and omissions during the Class Period concerning the organic growth of the Company's Retail Division.  Class Representatives also allege that the false and misleading statements inflated the price of LSI's common stock during the Class Period and that when Defendants disclosed that the Retail Division was not performing as strongly as plaintiffs allege had been previously indicated, and that LSI's retail growth could not be sustained, LSI's stock price dropped.  Defendants deny that there were any false or misleading statements, and further deny any wrongdoing or liability in this lawsuit.  The Parties do not agree about either the existence of or the amount of damages, if any, suffered by the Class, or the correct methodologies for proving damages.  The Court did not decide in favor of either the plaintiffs or Defendants.

---

[1] All capitalized terms not defined in this Settlement Notice have the meanings provided in the Stipulation and Agreement of Settlement, dated as of _____, 2018 (the "Stipulation"), which can be viewed at www.LiquidityServicesSecuritiesLitigation.com.

- Court-appointed lawyers for the Class Representatives and the Class ("Class Counsel") will ask the Court for (i) no more than $4,250,000 in attorneys' fees (25% of the Settlement Fund), plus accrued interest after funding, and (ii) up to $980,000, plus accrued interest after funding, in expenses for their work litigating the case and negotiating the Settlement, including a payment to Class Representatives of no more than $100,000, collectively, pursuant to the Private Securities Litigation Reform Act of 1995, to reimburse them for their expenses and/or the time that they spent representing the Class.  A decision about whether to approve the payment of these fees and expenses will not be made until the Settlement Hearing described in this Settlement Notice. If approved by the Court, these amounts (totaling on average approximately $0.08 per allegedly damaged share, as calculated by Class Representatives' expert) will be deducted from the $17,000,000 Settlement.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments to eligible Class Members will be made only if the Court approves the Settlement and after any appeals are resolved.

- **If you are a Class Member, your legal rights will be affected by this Settlement whether you act or do not act.  Please read this Settlement Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM BY _____, 2018** | The only way to get a payment. |
| **OPT BACK INTO THE CLASS BY SUBMITTING REQUEST BY_____, 2018** | If you previously submitted a request for exclusion from the Class in connection with the previously mailed Class Notice and now want to be part of the Class in order to receive a payment, you must follow the steps for "Opting Back Into the Class" on page ___, below |
| **OBJECT BY _____, 2018** | Write to the Court about why you do not like the Settlement, the Fee and Expense Application, or the proposed Plan of Allocation. |
| **GO TO A HEARING ON _____, 2018** | Ask to speak in Court about the Settlement, the Fee and Expense Application, or the proposed Plan of Allocation. |
| **DO NOTHING** | Get no payment. |

**Unless you previously validly requested exclusion from the Class, you will be bound by any judgment or order entered by the Court in this Action, including the release of Defendants, regardless of whether you object to the Settlement, and regardless of whether**

**you submit a Claim Form to share in the Net Settlement Fund or whether your Claim**

**Form is accepted, in whole or in part.**

<u>**Identification of Attorneys' Representatives**</u>

Class Representatives and the Class are being represented by Labaton Sucharow LLP and Spector Roseman & Kodroff, P.C., Court-appointed Class Counsel.  Any questions regarding the Settlement should be directed to Jonathan Gardner, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com or Andrew D. Abramowitz, Spector Roseman & Kodroff, P.C., 1818 Market Street, Suite 2500, Philadelphia, PA 19103, (888) 844-5862, www.srkattorneys.com.

**BASIC INFORMATION**

| **1.** | **Why did I get this Settlement Notice?** |
|---|---|

The Court authorized that this Settlement Notice be sent to you because you, someone in your family, or someone for whom you are a trustee or other authorized representative, may have purchased or otherwise acquired the publicly traded common stock of LSI from February 1, 2012, through May 7, 2014, inclusive (the "Class Period").

If this description applies to you, someone in your family, or someone for whom you are a trustee or other authorized representative, you have a right to know about the proposed Settlement of this class action lawsuit, and about your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

This Settlement Notice explains the lawsuit, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them. **Receipt of this notice does not mean you are a Class Member or that you are eligible for a payment from the Settlement.**

The Court in charge of this Action is the United States District Court for the District of Columbia (the "Court"), and the case is known as *Howard, et al. v. Liquidity Services, Inc., et al.*, Case No. 1:14-cv-1183-BAH (D.D.C.) (the "Action"). The Action is assigned to the Honorable Chief Judge Beryl A. Howell, United States District Judge.

The Court did not decide in favor of Class Representatives or Defendants. Instead, they have agreed to a settlement. For Class Representatives, the principal reason for the Settlement is the certain benefit of a substantial cash recovery for the Class, in contrast to the costs and delay of fact and expert discovery; the uncertainty that the Court may grant, in whole or in part, some or all of the anticipated motions for summary judgment to be filed by Defendants; the uncertainty of being able to prove the allegations of liability and/or damages at a jury trial; and the difficulties and delays inherent in such litigation (including any appeals).

For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that any Class Members were damaged, the principal reasons for entering into the Settlement are to bring to an end the substantial burden, expense, uncertainty, and risk of further litigation.

| 2. | What is this lawsuit about? What has happened so far? |
|----|--------------------------------------------------------|

LSI provides online auction marketplaces for surplus and salvage assets, also known as a "reverse supply chain" or "reverse logistics." Reverse logistics is essentially the redeployment and remarketing of retail customer returns, overstock products, and end-of-life goods or capital assets. LSI primarily makes money by buying and reselling goods, as well as retaining a

percentage of the proceeds from the consignment sales it manages for its sellers.  The Company operates through three divisions: (1) Retail, (2) Capital Assets, and (3) Public Sector.

The initial complaint was filed on July 14, 2014.  On October 14, 2014, the Court issued an order appointing Caisse and NNERF as co-lead plaintiffs and approving their selection of Labaton Sucharow LLP and Spector Roseman Kodroff & Willis, P.C. (now Spector Roseman & Kodroff, P.C.) as co-lead counsel (collectively, "Co-Lead Counsel" or "Class Counsel").

Lead Plaintiffs filed the operative Amended Complaint for Violations of the Federal Securities Laws on December 15, 2014 (the "Complaint"), alleging violations of §§10(b) and 20(a) of the Securities and Exchange Act of 1934 ("Exchange Act").  The Complaint alleged that during the Class Period, Defendants made materially false and misleading statements and failed to disclose information to investors about the financial performance of the Company's Retail Division in violation of the Exchange Act, as well as making further allegations not related to the Retail Division.  As detailed in the Complaint, Class Representatives allege that Defendants made materially false and misleading statements and omissions concerning the organic growth of its Retail Division.  The Complaint alleges that in attempting to transition from a business that was dependent in primary part upon its contracts with the U.S. Department of Defense ("DoD") to a more diversified retail client base, the Defendants allegedly fraudulently portrayed LSI's Retail Division as a growth driver and downplayed the impact of competition.  The Complaint alleges that sales and margins in the Retail Division were not growing as much as portrayed during the Class Period due, in part, to heightened competition.  On May 8, 2014, LSI reported substantial declines in gross merchandise volume ("GMV"), adjusted EBITDA, and adjusted diluted EPS.  LSI's stock price decreased.

Lead Plaintiffs further alleged that the false and misleading statements and omissions inflated the price of LSI's common stock, thereby damaging Class Members; and that when Defendants later allegedly disclosed that the Retail Division was not performing as strongly as had been previously indicated, and that LSI's retail growth could not be sustained, LSI's stock price declined.

On March 2, 2015, Defendants moved to dismiss the Complaint.  On March 31, 2016, the Court issued a Memorandum Opinion, as well as an Order, denying in part (as to the Retail Division) and granting in part (as to the other allegations in the Complaint) Defendants' motion to dismiss.  Thereafter, on May 16, 2016, Defendants filed their answer to the Complaint, denying all allegations of wrongdoing or damages and asserting affirmative defenses.

On September 2, 2016, Lead Plaintiffs moved for class certification, appointment of Caisse and NNERF as class representatives, and appointment of Labaton Sucharow LLP and Spector Roseman & Kodroff, P.C. as class counsel.  Defendants opposed the motion on March 14, 2017.  Two weeks later, on April 5, 2017, Defendants moved for partial summary judgment on the issue of reliance.  Lead Plaintiffs opposed the partial summary judgment motion on May 16, 2017.

On September 6, 2017, the Court issued an Order granting the certification motion and certifying the Class.  The Court also appointed Caisse and NNERF as Class Representatives and appointed Co-Lead Counsel as Class Counsel.  In the same Order, the Court denied Defendants' motion for partial summary judgment.  On November 17, 2017, the Class Representatives filed an unopposed motion for approval of the form and content of notices of pendency of the Action as a class action, and the methods for providing notice to the Class, which was granted on November 21, 2017.

Beginning on December 21, 2017, the Class Notice was mailed to potential Class Members and information was posted on the case website www.LiquidityServicesSecurities Litigation.com.  The Class Notice informed investors of this class action, their right to be excluded from the Class (to "opt out"), the requirements for requesting exclusion, and a February 20, 2018 deadline for seeking exclusion.  Information in summary form was also published in *Investor's Business Daily* and transmitted over the Internet via *PR Newswire*.

Class Representatives, through Class Counsel, have conducted a thorough investigation of the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing:  (i) documents filed publicly by the Company with the U.S. Securities and Exchange Commission ("SEC"); (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and the Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; (v) interviews with former employees of the Company and third-parties with relevant knowledge; (vi) approximately 500,000 pages of documents produced in discovery, including approximately 274,000 pages of documents produced by Defendants and approximately 223,000 pages of documents produced by third-parties; and (vii) the applicable law governing the claims and potential defenses.

Counsel for Class Representatives and Defendants engaged in voluminous class and fact discovery.  In addition to Class Representatives' review of approximately 500,000 pages of documents produced by Defendants and various non-parties, noted above, Class Counsel defended or took 15 depositions, including the depositions of Class Representatives, Class Representatives' investment advisors, numerous current and former employees of the Company,

and Class Representatives' market efficiency expert; and they submitted one expert report directed at market efficiency, loss causation, and damages.

Following the Court's certification of the Class, the Parties engaged the Honorable Layn R. Phillips (Ret.), a well-respected and highly experienced mediator and retired federal judge, to assist them in exploring a potential negotiated resolution of the claims in the Action.  The mediation process involved an extended effort to settle the claims.  Prior to the mediation, Class Counsel and Defendants' Counsel met to preliminarily discuss settlement-related issues. Thereafter, the Parties provided the mediator with detailed mediation statements.  On February 8, 2018, Class Counsel and Defendants' Counsel met for a full day with Judge Phillips in an attempt to reach a settlement.  However, the Parties were unable to reach a resolution at that time.  In the month following the mediation, Judge Phillips continued his efforts to facilitate discussions and to mediate a potential resolution of the Action by the Parties.  The Parties reached an agreement in principle to settle the Action on March 7, 2018.  After further extensive negotiation, the Parties executed a Term Sheet on April 12, 2018; and they thereafter negotiated the Stipulation of Settlement and exhibits incorporated therein.

| **3.** | **Why is this a class action?** |
|---|---|

In a class action, one or more persons or entities (in this case, the Class Representatives), sue on behalf of people and entities that have similar claims.  Together, these people and entities are a class, and each is a class member.   Bringing a case, such as this one, as a class action allows the Court to resolve many similar claims that might be economically too small to bring as individual actions.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt out," from the class.

## WHO IS IN THE SETTLEMENT

| **4.** | **How do I know if I am part of the Class?** |
|---|---|

The Court has certified the following Class, subject to certain exceptions identified

below:

> All persons and entities who purchased or otherwise acquired the
> publicly traded common stock of LSI during the period from
> February 1, 2012, through May 7, 2014, inclusive, and who were
> damaged thereby.

If you are a member of the Class and did not previously and validly seek exclusion from the

Class in connection with the Class Notice, you are subject to the Settlement.

Check your investment records or contact your broker to see if you have any eligible

purchases during the period from February 1, 2012, through May 7, 2014, inclusive.

| **5.** | **Are there exceptions to being included in the Class?** |
|---|---|

Yes.  Some people and entities are excluded from the Class by definition.  Excluded from

the Class, by definition, are: Defendants LSI, William P. Angrick, III, and James M. Rallo, and

members of their immediate families; any subsidiary or affiliate of LSI, including any employee

retirement and/or benefit plan(s) of LSI or its subsidiaries; the Minnesota limited liability

company Jacobs Trading, LLC ("Jacobs Trading, LLC"), and its subsidiaries or affiliates; the

directors and officers of LSI or its subsidiaries or affiliates; the directors and officers of Jacobs

Trading, LLC; any entity in which any excluded person has a controlling interest; the legal

representatives, heirs, successors, and assigns of any excluded person; and any person or entity

that validly sought exclusion from the Class in connection with the previously disseminated

Class Notice who does not opt back into the Class, in accordance with the procedures set forth

under Question 10 below.

| 6. | What if I am still not sure if I am included in the Class? |
|---|---|

If you are still not sure whether you are included in the Class, you can ask for free help.

You can call the Claims Administrator toll-free at (888) 684-4985, send an e-mail to the Claims

Administrator at info@ liquidityservicessecuritieslitigation.com, or write to the Claims

Administrator at *LSI Securities Litigation*, c/o GCG, P.O. Box 10520, Dublin, Ohio 43017-4084.

Or you can fill out and return the Claim Form described under Question 8 to see if you qualify.

## THE SETTLEMENT BENEFITS — HOW TO RECEIVE A PAYMENT

| 7. | How much will my payment be? |
|---|---|

In exchange for the Settlement and the release of the Released Claims against the

Released Defendant Parties, Defendants have agreed to cause the creation of a $17,000,000 fund,

which will earn interest once it is funded and which will be distributed, after the deduction of

Court-approved fees and expenses, to eligible Class Members who submit a valid Claim Form

and are found to be entitled to a distribution from the Net Settlement Fund ("Authorized

Claimants").

If you are an Authorized Claimant entitled to a payment, your share of the Net Settlement

Fund will depend on several things, including:  how many Class Members timely send in valid

Claim Forms; the total amount of Recognized Claims of other Class Members; how many shares

of LSI common stock you purchased; the prices and dates of those purchases; and the prices and

dates of any sales.

You can calculate your Recognized Claim in accordance with the formulas shown below

in the Plan of Allocation.  However, it is unlikely that you will receive a payment for all of your

Recognized Claim.  *See* the Plan of Allocation of Net Settlement Fund on pages___ for more

information.

- 10 -

| **8.** | **How can I receive a payment?** |
|---|---|

To qualify for a payment, you must submit a timely and valid Claim Form.  A Claim Form is included with this Settlement Notice.  If you did not receive a Claim Form, you can obtain one on the internet at the website for the case: www.LiquidityServicesSecurities Litigation.com.  You can also ask for a Claim Form by calling the Claims Administrator toll-free at (888) 684-4985.

Please read the instructions on the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or electronically submitted on-line no later than**

_____, **2018.**

## HOW CLASS MEMBERS ARE AFFECTED BY THE SETTLEMENT

| **9.** | **How are Class Members Affected by the Settlement?** |
|---|---|

If you are a Class Member, upon the "Effective Date," you will release all "Released Claims" against the "Released Defendant Parties."

**"Released Claims"** means any and all claims, rights, actions, controversies, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every kind, nature, and description, including both known claims and unknown claims, whether arising under federal, state, or foreign law, or statutory, common, or administrative law, or any other law, rule, or regulation, whether asserted as claims, cross-claims, counterclaims, or third-party claims, whether fixed or contingent, choate or inchoate, accrued or not accrued, matured or unmatured, liquidated or un-liquidated, perfected or unperfected, whether class, representative, or individual in nature, that previously existed, currently exist, or that exist as of the date of entry of the Court's Order approving the Settlement

and entry of the Court's Judgment dismissing the Action, that Class Representatives or any other member of the Class asserted in the Complaint or any of the complaints filed in the Action or that Class Representatives or any Member of the Class could have asserted in the Action or in any other action or in any forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere), that in any way arise out of, are based upon, relate to, or concern both: (i) the claims, filings, pleadings, allegations, transactions, facts, circumstances, events, acts, disclosures, statements, representations, omissions, or failures to act alleged, set forth, referred to, involved in, or which could have been raised in the Action, including, without limitation, claims that arise out of or relate to any disclosures, SEC filings, press releases, investor calls, registration statements, offering memoranda, web postings, presentations, or any other statements by or on behalf of LSI or any other Defendant during the Class Period; and (ii) the purchase, acquisition, disposition, or sale of LSI publicly traded common stock during the Class Period. Released Claims do not include claims to enforce the Settlement contemplated by this Stipulation or claims in *In re Liquidity Services, Inc. Derivative Litigation*, Civ. No. 17-0080-JTL (Del. Ch.).

**"Released Defendant Parties"** means (i) each and every Defendant; (ii) Defendants' respective present and former parents, affiliates, subsidiaries, divisions, general partners, limited partners, and any Person  in which any Defendant has or had a controlling interest; and (iii) the present and former immediate family, heirs, principals, trustees, trusts, executors, administrators, predecessors, successors, assigns, members, agents, subsidiaries, employees, officers, managers, directors, general partners, limited partners, bankers, consultants, attorneys, accountants,

auditors, representatives, estates, divisions, advisors, estate managers, indemnifiers, insurers, and reinsurers of each of the Persons listed in subpart (i) or (ii) of this definition.

**"Unknown Claims"** means any and all Released Claims that Class Representatives or any other Class Member, and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacity as such, does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant, and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacity as such, does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including, in the case of any Class Member, the decision to object to the terms of the Settlement or to seek to be excluded from the Class.  With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Class Representatives and Defendants shall expressly, and each Class Member, and their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacity as such, shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, including, or which is similar, comparable, or equivalent to, Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Class Representatives, other Class Members, the Defendants, and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacity as such, may hereafter discover facts, legal theories, or authorities in addition to, contrary to, or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Class Representatives and Defendants expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Class Member, and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacity as such, shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different, contrary, or additional facts, legal theories, or authorities.  Class Representatives and Defendants acknowledge, and all other Class Members, and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacity as such, by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

The "Effective Date" will occur when an Order and Judgment entered by the Court approving the Settlement becomes final and is not subject to appeal.  If you are a member of the

Class, all of the Court's orders will apply to you and legally bind you, even if you do not file a claim form or if your claim form is rejected in whole or in part.

## OPTING BACK INTO THE CLASS

| | |
|---|---|
| **10.** | **What if I previously requested exclusion in connection with the Class Notice and now want to be eligible to receive a payment from Settlement?  How do I opt back into the Class?** |

If you previously submitted a request for exclusion from the Class in connection with the Class Notice, you may opt back into the Class and be eligible to receive a payment from the Settlement.  If you are not certain whether you previously submitted a request for exclusion, please contact the Claims Administrator at (888) 684-4985 for assistance.

In order to opt back into the Class, you must submit a written "Request to Opt Back into the Class" to the Claims Administrator, addressed as follows: *LSI Securities Litigation* c/o GCG, P.O. Box 10520, Dublin, Ohio 43017-4084.  This request must be ***received no later than_____ ___, 2018***.  Your Request to Opt Back into the Class must: (i) state the name, address, and telephone number of the person or entity requesting to opt back into the Class; (ii) state that such person or entity requests to opt back into the Class in "*Howard v. Liquidity Services Inc. et al.,* No. 1:14-cv-01183-BAH (D.D.C.)"; and (iii) be signed by the person or entity requesting to opt back into the Class or an authorized representative.

**Please note:**  Opting back into the Class ***does not mean*** that you will automatically be entitled to receive proceeds from the Settlement.  If you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are also required to submit the Proof of Claim form that is being distributed with this Settlement Notice.  *See* Question 8, above.

## THE LAWYERS REPRESENTING YOU

| 11. | Do I have a lawyer in this case? |
|---|---|

The Court ordered the law firms of Labaton Sucharow LLP and Spector Roseman & Kodroff, P.C. to represent all Class Members.  These lawyers are called Class Counsel.  You will not be separately charged for these lawyers.  The Court will determine the amount of Class Counsel's fees and expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 12. | How will the lawyers for the Class be paid? |
|---|---|

Class Counsel have not been paid for any of their work.  They will ask the Court to award them, on behalf of Plaintiffs' Counsel, attorneys' fees from the Settlement Fund of no more than 25% of the Settlement Fund, which includes interest on such fees after funding at the same rate as earned by the Settlement Fund.  If approved by the Court, the fee award will include a referral payment to attorney Jean-Felix Brassard (and his former law firm Stein Monast L.L.P.), who worked on behalf of Class Representative Caisse. The payment will not increase the fees that will be deducted from the Settlement Fund.  Class Counsel will also seek payment of their litigation expenses in connection with the prosecution of this Action of no more than $980,000, plus interest on such expenses after funding at the same rate as earned by the Settlement Fund, from which Class Representatives may seek an award of no more than $100,000 in total pursuant to the PSLRA to reimburse them for their expenses and/or the time that they spent representing the Class.

## OBJECTING TO THE SETTLEMENT

**13.     How do I tell the Court that I do not like something about the proposed Settlement?**

If you are a Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the Fee and Expense Application.  You may write to the Court explaining your objection.  You can ask the Court to not approve the Settlement; however, you cannot ask the Court to order a larger settlement – the Court can only approve or deny this Settlement.  If the Court denies approval, the settlement payments will not be sent out; sums remaining in the Settlement Fund will be returned to Defendants; and the lawsuit will continue. If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

To object, you must mail a signed letter (or more formal court filing) stating that you object to the proposed Settlement in "*Howard v. Liquidity Services Inc. et al.,* No. 1:14-cv-01183-BAH (D.D.C.)."  You must include your name, address, telephone number, e-mail address, and signature; identify the date(s), price(s), and number(s) of shares of LSI common stock that you purchased, acquired, and sold; state the reasons why you object and the part(s) of the Settlement, Plan of Allocation, and/or Fee and Expense Application to which you object; and include any legal support and evidence, to support your objection.  Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Settlement Notice will be deemed to have waived their objection and shall be forever foreclosed from making any future objection.  Your objection must be (i) submitted to the Court, either by mailing the objection to the Clerk of the Court at the address below or by filing the objection in person at the location below, and (ii) mailed by first class mail to Class Counsel and Defendants' Counsel.  **It must be received by each *on or before* _____, 2018:**

- 17 -

**The Court**
Clerk of the Court
United States District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C.  20001

**Class Counsel**
**Labaton Sucharow LLP**
Attn:  Jonathan Gardner, Esq.
140 Broadway
New York, NY  10005

**Defendants' Counsel**
**Weil, Gotshal & Manges LLP**
Attn:  Miranda S. Schiller, Esq.
767 Fifth Avenue
New York, NY 10153

**Spector Roseman & Kodroff, P.C.**
Attn:  Andrew D. Abramowitz, Esq.
1818 Market Street, Suite 2500
Philadelphia, PA  19103

You do not need to attend the Settlement Hearing to have your written objection considered by the Court.  However, any Class Member who has complied with the procedures set out both in this Question 13 and below in Question 15 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court, either in person or through an attorney, arranged and paid for at his, her, or its own expense.

**THE SETTLEMENT HEARING**

| 14. | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court will hold the Settlement Hearing on **_____, 2018 at ____ ___.m.**, in Courtroom ___, ____ Floor, United State District Court for the District of Columbia, 333 Constitution Avenue N.W., Washington, D.C. 20001.

At this hearing, the Court will consider: (i) whether the Settlement is fair, reasonable, and adequate and should be finally approved; (ii) whether the proposed Plan of Allocation is fair, reasonable, and adequate; and (iii) the application of Class Counsel for an award of attorneys' fees and payment of litigation expenses.  The Court will take into consideration any written

objections filed in accordance with the instructions in Question 13.  We do not know how long it will take the Court to make these decisions.

You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members.  If you want to attend the hearing, you should check with Class Counsel beforehand to be sure that the date and/or time has not changed or check the case-specific website at www.LiquidityServicesSecuritiesLitigation.com to see if the Settlement Hearing stays as calendared or is changed.

| 15. | May I speak at the Settlement Hearing? |

You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must submit a statement that it is your intention to appear in "*Howard v. Liquidity Services Inc. et al.,* No. 1:14-cv-01183-BAH (D.D.C.)."  Persons who also intend to object to the Settlement, the Plan of Allocation, or Class Counsel's Fee and Expense Application and desire to present evidence at the Settlement Hearing must also include in their objections (prepared and submitted in accordance with the answer to Question 13 above), in addition to the notice of appearance, the identity of any witness they may wish to call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you previously excluded yourself from the Class and have not opted back in, as provided under Question 10 above, or if you have not provided written notice of your objection and/or intention to speak at the Settlement Hearing in accordance with the procedures described under Questions 13 and 15.

**IF YOU DO NOTHING**

| 16. | What happens if I do nothing at all? |
|---|---|

If you do nothing and you are a member of the Class, you will receive no money from this Settlement but you will still be bound by the Settlement, including the releases contained therein, and you therefore still will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8).

**GETTING MORE INFORMATION**

| 17. | Are there more details about the proposed Settlement? |
|---|---|

This Settlement Notice summarizes the proposed Settlement.  More details are in the Stipulation.  Class Counsel's motions in support of approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation will be filed with the Court no later than _____, 2018 and will be available from Class Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

You may review the Stipulation or documents filed in the case at the Office of the Clerk of the United States District Court for the District of Columbia, 333 Constitution Avenue N.W., Washington, D.C. 20001, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m., Eastern Time.  Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

You can also get a copy of the Stipulation and other case documents by calling the Claims Administrator toll free at (888) 684-4985; writing to the Claims Administrator at *LSI*

*Securities Litigation,* c/o GCG, P.O. Box 10520, Dublin, Ohio 43017-4084; or visiting the websites: www.LiquidityServicesSecuritiesLitigation.com, www.labaton.com, or www.srkattorneys.com where you will be able to find answers to common questions about the Settlement, download copies of the Stipulation or Claim Form, and locate other documents.

**Please do not Call the Court with Questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

The Settlement Amount and the interest it earns is the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  The Net Settlement Fund will be distributed to members of the Class who timely submit valid Claim Forms that show a Recognized Claim according to the Plan of Allocation approved by the Court.  The Court may approve the following proposed Plan of Allocation or modify it without additional notice to the Class.  Any order modifying the Plan of Allocation will be posted on the case website at: www.LiquidityServicesSecuritiesLitigation.com and at www.labaton.com.

The purpose of this Plan of Allocation of the Net Settlement Fund ("Plan of Allocation" or "Plan") is to establish a reasonable and equitable method of distributing the Net Settlement Fund among Authorized Claimants who allegedly suffered economic losses as a result of the alleged violations of the federal securities laws.  For purposes of determining the amount an Authorized Claimant may recover under this Plan, Class Counsel have conferred with their damages expert.  This Plan is intended to be generally consistent with an assessment of, among other things, the damages that Class Counsel and Class Representatives believe were recoverable

in the Action.  Defendants, however, deny any wrongdoing or damages; and the Plan is not a

formal damages analysis and the calculations made pursuant to the Plan are not intended to be

estimates of, nor indicative of, the amounts that Class Members might have been able to recover

after a trial.  An individual Class Member's recovery under the Plan of Allocation will depend

on, for example: (i) the total number of claims submitted and the value of those claims; (ii) when

the Class Member purchased or acquired LSI publicly traded common stock; and (iii) whether

and when the Class Member sold his, her, or its shares of LSI common stock.

Because the Net Settlement Fund is less than the total losses alleged to be suffered by

Class Members, the formulas described below for calculating Recognized Losses are not

intended to estimate the amount that will actually be paid to Authorized Claimants.  Rather, these

formulas provide the basis on which the Net Settlement Fund will be distributed among

Authorized Claimants on a *pro rata* basis.  An Authorized Claimant's Recognized Claim shall be

the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement

Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the

total of the Recognized Claims of all Authorized Claimants, multiplied by the total amount in the

Net Settlement Fund.  If the Net Settlement Fund exceeds the sum total amount of the

Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net

Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to

all Authorized Claimants entitled to receive payment.

This Plan of Allocation generally measures the amount of loss that a Class Member can

claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized

Claimants.  For losses to be compensable as damages under the federal securities laws, the

disclosure of the allegedly misrepresented information must be the cause of the decline in the

price of LSI common stock.  In this case, Class Representatives alleged that Defendants issued false statements and omitted material facts during the period from February 1, 2012 through May 7, 2014, inclusive (the Class Period), which artificially inflated the price of LSI common stock. It is alleged that corrective information was released to the market on July 1, 2012 (when the market was closed), January 31, 2013 (prior to market open), June 6, 2013 (after market close), July 16, 2013 (prior to market open), October 7, 2013 (prior to market open), November 21, 2013 (prior to market open), and prior to market open on May 8, 2014, negatively impacting the market price of LSI common stock and removing the alleged artificial inflation from the LSI common stock prices on July 2, 2012, January 31, 2013, June 7, 2013, July 16, 2013, October 7, 2013, November 21, 2013, and May 8, 2014.  Accordingly, in order to have a compensable loss in this Settlement, a claimant must have purchased or otherwise acquired LSI common stock during the Class Period and held it through at least one of the alleged corrective disclosure dates listed above.

Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the review or payment of any claim.  Class Representatives, Class Counsel, and anyone acting on their behalf, likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS AND RECOGNIZED GAIN AMOUNTS

For purposes of determining whether a claimant has a "Recognized Claim," purchases, acquisitions, and sales of LSI common stock will first be matched on a First In/First Out ("FIFO") basis, as set forth below.

A "Recognized Loss Amount" and a "Recognized Gain Amount" will be calculated as set forth below for each purchase or acquisition of LSI common stock during the Class Period, from February 1, 2012 through May 7, 2014, that is listed in the Claim Form and for which adequate documentation is provided.  To the extent that the calculation of a claimant's Recognized Loss Amount results in a negative number (*i.e.*, a gain), that number shall be set to zero.

For each share of LSI common stock purchased or otherwise acquired during the Class Period and sold before the close of trading on August 5, 2014, an "Out of Pocket Loss" will be calculated.  Out of Pocket Loss is defined as the purchase price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions).  To the extent that the calculation of the Out of Pocket Loss results in a negative number (*i.e.*, a gain), that number shall be set to zero.

**A.**     For each share of LSI common stock purchased or otherwise acquired from February 1, 2012 through and including May 7, 2014, and:

   **1.**     Sold before the opening of trading on July 2, 2012, the Recognized Loss Amount for each such share shall be zero and the Recognized Gain Amount for each such share shall be zero.

   **2.**     Sold after the opening of trading on July 2, 2012, and before the close of trading on May 7, 2014:

      **(a)**     the Recognized Loss Amount for each such share shall be ***the lesser of***:

         **(i)**     the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below ***minus*** the dollar artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

         **(ii)**     the Out of Pocket Loss.

      **(b)**     the Recognized Gain Amount for each such share shall be:

         **(i)**     for purchases made between November 21, 2013 and February 6, 2014, inclusive, the dollar artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below ***minus*** the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below;[2] or

         **(ii)**     for all other purchases, zero.

   **3.**     Sold after the close of trading on May 7, 2014, and before the close of trading on August 5, 2014:[3]

---

[2] Purchases made between November 21, 2013 and February 6, 2014, and held on or after February 7, 2014, benefited from artificial inflation, and these inflationary gains will be used to offset a claimant's Recognized Loss Amounts.

[3] Pursuant to Section 21(D)(e)(1) of the PSLRA, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day look-back period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the PSLRA, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of LSI common stock during the 90-day look-back period, May 8, 2014 through August 5, 2014.  The

     (a)     the Recognized Loss Amount for each such share shall be ***the lesser of***:

          (i)     the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

          (ii)     the actual purchase/acquisition price of each such share ***minus*** the average closing price from May 8, 2014, up to the date of sale as set forth in **Table 2** below; or

          (iii)     the Out of Pocket Loss.

     (b)     the Recognized Gain Amount for each such share shall be:

          (i)     for purchases made between November 21, 2013 and February 6, 2014, $0.13; or

          (ii)     for all other purchases, zero.

**4.**     Held as of the close of trading on August 5, 2014:

     (a)     the Recognized Loss Amount for each such share shall be ***the lesser of***:

          (i)     the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

          (ii)     the actual purchase/acquisition price of each such share ***minus*** $14.57.

     (b)     the Recognized Gain Amount for each such share shall be:

          (i)     for purchases made between November 21, 2013 and February 6, 2014, $0.13; or

          (ii)     for all other purchases, zero.

**ADDITIONAL PROVISIONS**

The sum of a claimant's Recognized Loss Amounts ***minus*** the sum of a claimant's Recognized Gain Amounts will be a claimant's "Recognized Claim." If the claimant's Recognized Claim is zero or a negative number, the claimant's Recognized Claim will be zero.

---

mean (average) closing price for LSI common stock during this 90-day look-back period was $14.57.

Publicly traded LSI common stock is the only security eligible for recovery under the Plan of Allocation. With respect to LSI common stock purchased or sold through the exercise of an option, the purchase/sale date of the LSI common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

If a Class Member has more than one purchase/acquisition or sale of LSI common stock during the Class Period, all purchases, acquisitions, and sales shall be matched on a FIFO basis. Shares sold during the Class Period will be matched first against any shares held at the beginning of the Class Period and then against shares purchased/acquired during the Class Period in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

Purchases or acquisitions and sales of LSI common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date. The receipt or grant by gift, inheritance or operation of law of LSI common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of shares of LSI common stock for the calculation of a claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of such LSI common stock unless (i) the donor or decedent purchased or otherwise acquired such LSI common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of LSI common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The

Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.

The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and a distribution will not be made to that Authorized Claimant, but that claimant nevertheless will be bound by the Settlement and Final Judgment, including the releases therein.

Distributions to Authorized Claimants will be made after claims have been processed. After an initial distribution of the Net Settlement Fund, if there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Class Counsel shall, if feasible and economical, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible to distribute to Authorized Claimants.  Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, shall be donated to a non-sectarian, not-for-profit charitable organization serving the public interest designated by Lead Plaintiffs and approved by the Court.

Payment according to this Plan of Allocation, or such other plan as the Court may approve, will be deemed conclusive against all claimants.  Recognized Claims will be calculated as defined herein by the Claims Administrator and cannot be less than zero.  No person shall have any claim against Class Representatives, Class Counsel, their damages expert, the Claims

Administrator, or other agent designated by Class Counsel arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Defendants and their counsel shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, calculation, or payment of any Claim or any actions taken (or not taken) by the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the District of Columbia with respect to his, her, or its claim.

### SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

In the previously mailed Class Notice, you were advised that if, for the beneficial interest of any person or entity other than yourself, you purchased or otherwise acquired the publicly traded common stock of LSI during the period from February 1, 2012 through May 7, 2014, inclusive, you must either: (1) request from the Claims Administrator sufficient copies of the Class Notice to forward to all such beneficial owners, and forward them to all such beneficial owners; or (2) provide a list of the names and addresses of all such beneficial owners to the Claims Administrator.

If you chose the first option, *i.e.*, you elected to mail the Class Notice directly to beneficial owners, you were advised that you must retain the mailing records for use in connection with any further notices that may be provided in the Action.  If you elected this option, the Claims Administrator will forward the same number of Settlement Notices and Proof

of Claim and Release Forms (together, the "Claim Packet") to you for sending to the beneficial owners **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the Claim Packets.  If you require more copies than you previously requested, please contact the Claims Administrator at (___) ___-___.

If you chose the second option, the Claims Administrator will send a copy of the Claim Packet to the beneficial owners whose names and addresses you previously supplied.  Unless you have identified additional beneficial owners whose names you did not previously provide, **you need do nothing further at this time**.  If you believe that you have identified additional beneficial owners **whose names you did not previously provide** to the Claims Administrator, you must either (i) **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the Claim Packet, provide a list of the names and addresses of all such additional beneficial owners to the Claims Administrator at *LSI  Securities Litigation,* c/o GCG, P.O. Box 10520, Dublin, Ohio 43017-4084; or (ii) **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the Claim Packet, request from the Claims Administrator sufficient copies of the Claim Packet to forward to all such additional beneficial owners which you shall, **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the Claim Packet from the Claims Administrator, mail to the beneficial owners.  If you elect to send the Claim Packet to beneficial owners you shall also send a statement to the Claims Administrator confirming that the mailing was made and shall retain your mailing records for use in connection with any further notices that may be provided in the Action.

Upon full and timely compliance with these directions, you may seek reimbursement of your reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

All communications concerning the foregoing should be addressed to the Claims

Administrator:

*LSI Securities Litigation*
c/o GCG
P.O. Box 10520
Dublin, Ohio 43017-4084
Phone: (888) 684-4985
info@ liquidityservicessecuritieslitigation.com
www.LiquidityServicesSecuritiesLitigation.com

Dated:_____2018     BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF
COLUMBIA

**TABLE 1**

**LSI Common Stock Artificial Inflation
for Purposes of Calculating Purchase and Sale Inflation**

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| February 1, 2012 - July 1, 2012 | $23.60 |
| July 2, 2012 - January 30, 2013 | $17.11 |
| January 31, 2013 - June 6, 2013 | $10.73 |
| June 7, 2013 - July 15, 2013 | $7.44 |
| July 16, 2013 - October 6, 2013 | $5.68 |
| October 7, 2013 - November 20, 2013 | $3.31 |
| November 21, 2013 - February 6, 2014 | ($0.13) |
| February 7, 2014 - May 7, 2014 | $0.70 |

**TABLE 2**

**LSI Closing Price and Average Closing Price**
**May 8, 2014 – August 5, 2014**

| Date | Closing Price | Average Closing Price Between May 8, 2014 and Date Shown | Date | Closing Price | Average Closing Price Between May 8, 2014 and Date Shown |
|---|---|---|---|---|---|
| 5/8/2014 | $12.17 | $12.17 | 6/23/2014 | $15.85 | $14.86 |
| 5/9/2014 | $12.24 | $12.21 | 6/24/2014 | $15.60 | $14.88 |
| 5/12/2014 | $12.82 | $12.41 | 6/25/2014 | $15.81 | $14.91 |
| 5/13/2014 | $13.20 | $12.61 | 6/26/2014 | $15.68 | $14.93 |
| 5/14/2014 | $13.57 | $12.80 | 6/27/2014 | $16.05 | $14.96 |
| 5/15/2014 | $13.47 | $12.91 | 6/30/2014 | $15.76 | $14.98 |
| 5/16/2014 | $13.91 | $13.05 | 7/1/2014 | $15.70 | $15.00 |
| 5/19/2014 | $14.26 | $13.21 | 7/2/2014 | $15.53 | $15.01 |
| 5/20/2014 | $14.61 | $13.36 | 7/3/2014 | $15.63 | $15.03 |
| 5/21/2014 | $15.04 | $13.53 | 7/7/2014 | $15.26 | $15.04 |
| 5/22/2014 | $15.08 | $13.67 | 7/8/2014 | $14.91 | $15.03 |
| 5/23/2014 | $15.31 | $13.81 | 7/9/2014 | $14.68 | $15.02 |
| 5/27/2014 | $15.33 | $13.92 | 7/10/2014 | $12.81 | $14.97 |
| 5/28/2014 | $15.29 | $14.02 | 7/11/2014 | $13.06 | $14.93 |
| 5/29/2014 | $15.46 | $14.12 | 7/14/2014 | $13.34 | $14.90 |
| 5/30/2014 | $15.38 | $14.20 | 7/15/2014 | $13.40 | $14.87 |
| 6/2/2014 | $15.46 | $14.27 | 7/16/2014 | $13.25 | $14.83 |
| 6/3/2014 | $14.93 | $14.31 | 7/17/2014 | $13.36 | $14.80 |
| 6/4/2014 | $14.91 | $14.34 | 7/18/2014 | $13.68 | $14.78 |
| 6/5/2014 | $14.99 | $14.37 | 7/21/2014 | $13.46 | $14.75 |
| 6/6/2014 | $15.13 | $14.41 | 7/22/2014 | $13.65 | $14.73 |
| 6/9/2014 | $15.97 | $14.48 | 7/23/2014 | $14.01 | $14.72 |
| 6/10/2014 | $15.89 | $14.54 | 7/24/2014 | $14.08 | $14.71 |
| 6/11/2014 | $15.69 | $14.59 | 7/25/2014 | $13.98 | $14.69 |
| 6/12/2014 | $15.48 | $14.62 | 7/28/2014 | $13.77 | $14.68 |
| 6/13/2014 | $15.72 | $14.67 | 7/29/2014 | $13.72 | $14.66 |
| 6/16/2014 | $15.80 | $14.71 | 7/30/2014 | $13.98 | $14.65 |
| 6/17/2014 | $15.84 | $14.75 | 7/31/2014 | $13.49 | $14.63 |
| 6/18/2014 | $15.91 | $14.79 | 8/1/2014 | $13.70 | $14.61 |
| 6/19/2014 | $15.68 | $14.82 | 8/4/2014 | $13.32 | $14.59 |
| 6/20/2014 | $15.06 | $14.83 | 8/5/2014 | $13.11 | $14.57 |

# Exhibit 2

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEONARD HOWARD, individually and on behalf of all others situated, | Case No. 1:14-cv-01183-BAH |
| Plaintiff, | Chief Judge Beryl A. Howell |
| v. | |
| LIQUIDITY SERVICES INC., WILLIAM P. ANGRICK III, and JAMES M. RALLO, | |
| Defendants. | |

### PROOF OF CLAIM AND RELEASE FORM

**A.    GENERAL INSTRUCTIONS**

1.      Capitalized terms not defined in this Proof of Claim and Release Form (the "Claim Form") have the same meaning as set forth in the Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses (the "Settlement Notice") that accompanies this Claim Form and the Stipulation and Agreement of Settlement, dated as of June 19, 2018 (the "Stipulation").

2.      To recover as a Class Member based on your claims in the action entitled *Howard, et al. v. Liquidity Services, Inc., et al*., Case No. 1:14-cv-1183-BAH (D.D.C.) (the "Action"), YOU MUST MAIL OR SUBMIT ONLINE A COMPLETED CLAIM FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE _____, 2018**, ADDRESSED AS FOLLOWS:

*LSI Securities Litigation*
c/o GCG
P.O. Box 10520
Dublin, Ohio 43017-5589
Phone: (888) 684-4985
www.LiquidityServicesSecuritiesLitigation.com

Submission of a Claim Form, however, does not assure that you will receive a payment.

- 1 -

3.      If you are a Class Member and you did not validly request exclusion in connection with the previously mailed Notice of Pendency of Class Action, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM AND WHETHER OR NOT YOUR CLAIM IS ALLOWED IN WHOLE OR IN PART.

**B.      CLAIMANT IDENTIFICATION**

4.      If you purchased or otherwise acquired the publicly traded common stock of Liquidity Services, Inc. ("LSI") during the period from February 1, 2012, through May 7, 2014, inclusive (the "Class Period"), use Part I of this form, entitled "Claimant Identification," to list your name, mailing address, and account information if relevant (such as for a claim submitted on behalf of an IRA, Trust, or estate account).  Please list the most current claimant or account name, because these will appear on the settlement check, if the claim is eligible for payment. Please also provide a telephone number and/or e-mail address, as the Claims Administrator may need to contact you.  If your Claimant Identification information changes, please notify the Claims Administrator in writing at the address above.

5.      All joint purchasers must sign this Claim Form.  If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents or other documents which provide you with the authority to submit the claim.  Please also indicate your representative capacity under your signature on page _____ of this Claim Form.

**C.      IDENTIFICATION OF TRANSACTIONS**

6.      Use Part II of this form entitled, "Schedule of Transactions in LSI Publicly Traded Common Stock," to supply all required details of your transaction(s).  Neither the Claims Administrator, the Defendants, nor the Class Representatives have access to your transactional

information.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

7.      On the schedules, provide all of the requested information with respect to all of your transactions in LSI publicly traded common stock, regardless of whether each of the transactions resulted in a profit or a loss.  Failure to report all transactions may result in the rejection of your claim.  List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

8.      The date of "covering" a "short sale" is deemed to be the date of purchase of LSI common stock.  The date of a "short sale" is deemed to be the date of sale of LSI common stock.

**9.      COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS SHOULD BE ATTACHED TO YOUR CLAIM.  FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

10.      NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www.LiquidityServicesSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at ____@_____.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at ____@_____.com to inquire about your file and confirm it was received and acceptable.

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this claim (including the check, if eligible for payment).  If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Claimant Name(s):

Street Address:

City:                                                                                    State:      Zip Code:

Country:

Last four digits of Social Security Number or Taxpayer Identification Number:

Daytime Telephone Number:                              Evening Telephone Number:

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Name of the Person you would like the Claims Administrator to Contact Regarding this Claim (if different from the Claimant Name(s) listed above:

## PART II – SCHEDULE OF TRANSACTIONS IN
## LSI PUBLICLY TRADED COMMON STOCK

**1.  BEGINNING HOLDINGS** – State the total number of shares of LSI publicly traded common stock you held as of the opening of trading on **February 1, 2012**.  (Must be documented.)  If none, write "zero" or "0." _____

**2.  PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition of LSI publicly traded common stock from the opening of trading on **February 1, 2012** through and including the close of trading on **May 7, 2014**.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | |
|---|---|---|---|---|
| /    / | | $ | $ | |
| /    / | | $ | $ | |
| /    / | | $ | $ | |
| /    / | | $ | $ | |

**3.  PURCHASES/ACQUISITIONS DURING "90-DAY LOOKBACK PERIOD"** – State the total number of shares of LSI publicly traded common stock you purchased/acquired from **May 8, 2014** through and including the close of trading on **August 5, 2014**.  If none, write "zero" or "0."[1] _____

**4.  SALES**– Separately list each and every sale/disposition of LSI publicly traded common stock from after the opening of trading on **February 1, 2012** through and including the close of trading on **August 5, 2014**. (Must be documented.)

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | |
|---|---|---|---|---|
| /    / | | $ | $ | |
| /    / | | $ | $ | |
| /    / | | $ | $ | |
| /    / | | $ | $ | |

---

[1] **Please note**:  Information requested with respect to your purchases/acquisitions of LSI publicly traded common stock from May 8, 2014 through and including the close of trading on August 5, 2014 is needed in order for the Claims Administrator to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

| | |
|---|---|
| **5. ENDING HOLDINGS** – State the total number of shares of LSI publicly traded common stock you held as of the close of trading on **August 5, 2014**.  (Must be documented.)  If none, write "zero" or "0."  _____ | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED**

**PART III – RELEASE OF CLAIMS AND SIGNATURE**

**PLEASE READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that I (we) am (are) a Class Member, or am (are) the duly authorized representative of a Class Member.  As of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves), or such Class Member(s) as I (we) represent, and my (our), or their, heirs, executors, trustees, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties.

**CERTIFICATION**

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

       1.     that I (we) have read the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

       2.     that the claimant(s) is (are) a Class Member(s), as defined in the Settlement Notice, and is (are) not excluded by definition from the Class as set forth in the Settlement Notice;

       3.     that the claimant(s) has (have) not submitted a request for exclusion from the Class;

       4.     that the claimant(s) own(ed) the LSI publicly traded common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Released Defendant Parties to another, and that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

       5.     that the claimant(s) has (have) not submitted any other claim covering the same purchases of LSI publicly traded common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

       6.     that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

       7.     that I (we) agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Claims Administrator or the Court may require;

6

8.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

9.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s), including the releases provided for therein, that may be entered in the Action; and

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of claimant                                                        Date

_____

Print your name here

_____

Signature of joint claimant, if any                                          Date

_____

Print your name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____

Signature of person signing on behalf of claimant                            Date

_____

Print your name here

_____

CAPACITY OF PERSON SIGNING ON BEHALF OF CLAIMANT, IF OTHER THAN AN INDIVIDUAL, *E.G.*, EXECUTOR, PRESIDENT, TRUSTEE, CUSTODIAN, *ETC*.  (MUST PROVIDE EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF CLAIMANT.)

## REMINDER CHECKLIST

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE**

1. **Please sign above**.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Remember to attach only **copies** of supporting documentation**.   Do not send original** stock certificates or documentation.   These items cannot be returned to you by the Claims Administrator.

3. **Please do not highlight or use red pen** on the Claim Form or any supporting documents.

4. Keep copies of your completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement.  **If you do not receive an acknowledgement within 60 days, please call the Claims Administrator toll free at (888) 684-4985.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@ liquidityservicessecuritieslitigation.com, or toll-free at (888) 684-4985, or visit www.LiquidityServicesSecuritiesLitigation.com.  Please DO NOT call LSI, any of the other Defendants or their counsel, or the Court, with questions regarding your claim.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR, IF MAILED, POSTMARKED NO LATER THAN _____, 2018, ADDRESSED AS FOLLOWS:**

*LSI Securities Litigation*
c/o GCG
P.O. Box 10520
Dublin, Ohio 43017-4084
Phone: (888) 684-4985
www.LiquidityServicesSecuritiesLitigation.com

# Exhibit 3

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEONARD HOWARD, individually and on behalf of all others situated,<br><br>Plaintiff,<br><br>v.<br><br>LIQUIDITY SERVICES INC., WILLIAM P. ANGRICK III, and JAMES M. RALLO,<br><br>Defendants. | Case No. 1:14-cv-01183-BAH<br><br>Chief Judge Beryl A. Howell |

**TO: ALL PERSONS AND ENTITIES THAT, DURING THE PERIOD FROM FEBRUARY 1, 2012, THROUGH MAY 7, 2014, INCLUSIVE, PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED COMMON STOCK OF LIQUIDITY SERVICES, INC.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of Columbia, that Class Representatives Caisse de dépôt et placement du Québec and the City of Newport News Employees' Retirement Fund (collectively, the "Class Representatives"), on behalf of themselves and the certified Class, and Liquidity Services, Inc. ("LSI,"), William P. Angrick III, and James M. Rallo (collectively, "Defendants"), have reached a settlement of the above-captioned action (the "Action") in the amount of $17,000,000 (the "Settlement Amount"), which, if approved by the Court, will resolve all claims in the Action.[1]

A hearing will be held before the Honorable Chief Judge Beryl A. Howell, United States District Judge of the United States District Court for the District of Columbia in Courtroom ___, 333 Constitution Avenue N.W. Washington D.C. 20001 at __:___ ___.m. on _____ __,

---

[1] All capitalized terms not defined in this notice have the meanings provided in the Stipulation and Agreement of Settlement, dated as of June 19, 2018 (the "Stipulation"), which can be viewed at www.liquidityservicessecuritieslitigation.com.

**2018** to, among other things, determine whether: (1) the Settlement should be approved by the Court as fair, reasonable, and adequate to the Class; (2) the Plan of Allocation for distribution of the Settlement Amount, and any interest thereon, less Court-awarded attorneys' fees, Notice and Administration Expenses, Taxes, and any other costs, fees, or expenses approved by the Court (the "Net Settlement Fund"), should be approved as fair, reasonable, and adequate; and (3) the Court should approve the application of Class Counsel for an award of attorneys' fees of no more than 25% of the Settlement Fund and payment of litigation expenses of no more than $980,000 from the Settlement Fund, including a payment to Class Representatives of no more than $100,000, collectively, pursuant to the Private Securities Litigation Reform Act of 1995 to reimburse them for their expenses and/or the time that they spent representing the Class.  The Court may change the date of the Settlement Hearing without providing another notice.  You do NOT need to attend the Settlement Hearing in order to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT, INCLUDING THE RELEASES PROVIDED FOR THEREIN, AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND.**  If you have not yet received the full Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses (the "Settlement Notice") and a Proof of Claim and Release form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator or visiting its website:

*LSI Securities Litigation*
c/o GCG
P.O. Box 10520
Dublin, Ohio 43017-4084
Phone: (888) 684-4985
info@ liquidityservicessecuritieslitigation.com
www.LiquidityServicesSecuritiesLitigation.com

Inquiries may also be made to Class Counsel:

| **LABATON SUCHAROW LLP** | **SPECTOR ROSEMAN & KODROFF, P.C.** |
|---|---|
| Jonathan Gardner, Esq. | Andrew D. Abramowitz, Esq. |
| 140 Broadway | 1818 Market Street, Suite 2500 |
| New York, NY 10005 | Philadelphia, PA 19103 |
| Tel: (888) 219-6877 | Tel: (888) 844-5862 |
| www.labaton.com | www.srkattorneys.com |
| settlementquestions@labaton.com | |

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form postmarked or electronically submitted *no later than* _____ __*, 2018.*  If you are a Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you previously submitted a request for exclusion from the Class in connection with the prior Notice of Pendency of Class Action, but you want to *opt back* into the Class now for the purpose of being eligible to receive a payment from the Net Settlement Fund, you may do so.  In order to opt back into the Class, you must submit a request in writing such that it is *received no later than _____, 2018*, in accordance with the instructions set forth in the Settlement Notice.

Any objections to the Settlement, Plan of Allocation, and/or application for attorneys' fees and payment of expenses must be filed with the Court and mailed to counsel for the Parties in accordance with the instructions set forth in the Settlement Notice, such that they are *received no later than _____ __, 2018.*

PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.

Dated: _____, 2018                  BY ORDER OF THE UNITED STATES
                                                DISTRICT COURT FOR THE
                                                DISTRICT OF COLUMBIA