UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEONARD HOWARD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIQUIDITY SERVICES INC., *et al.*,<br><br>Defendants. | Civil Action No. 14-1183 (BAH)<br><br>Chief Judge Beryl A. Howell |

### FINAL ORDER AND JUDGMENT UPON APPROVAL OF CLASS ACTION SETTLEMENT

Upon consideration of the Class Representatives Caisse de dépôt et placement du Québec and the City of Newport News Employees' Retirement Fund's (collectively, "Class Representatives") Unopposed Motion for Final Approval of Class Action Settlement, ECF No. 120; Class Counsel Labaton Sucharow LLP and Spector Roseman & Kodroff, P.C.'s Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses, ECF No. 121; the exhibits submitted in support thereof; the settlement hearing held on October 5, 2018, at which the defendants Liquidity Services, Inc. ("LSI"), William P. Angrick III ("Angrick"), and James M. Rallo ("Rallo") (Angrick and Rallo, collectively, the "Individual Defendants," and with LSI, the "Defendants"), appeared through counsel; and the entire record herein, the Court summarizes below the pertinent background and findings supporting the conclusion that the proposed Settlement is fair, reasonable, and adequate, warranting approval of the Settlement.

### I. BACKGROUND

A. By Order, dated September 6, 2017, ECF No. 100, the Court appointed Caisse de dépôt et placement du Québec and the City of Newport News Employees' Retirement Fund as

1

Class Representatives, appointed Labaton Sucharow LLP and Spector Roseman & Kodroff, P.C., as Class Counsel, and certified a Class of all persons and entities who purchased or otherwise acquired the publicly traded common stock of Liquidity Services, Inc., during the period from February 1, 2012, through May 7, 2014, inclusive, and who were damaged thereby. ECF No. 100. Excluded from the Class, by definition, are: Defendants LSI, William P. Angrick, III, and James M. Rallo, and members of their immediate families; any subsidiary or affiliate of LSI, including any employee retirement and/or benefit plan(s) of LSI or its subsidiaries; the Minnesota limited liability company Jacobs Trading, LLC ("Jacobs Trading, LLC"), and its subsidiaries or affiliates; the directors and officers of LSI or its subsidiaries or affiliates; the directors and officers of Jacobs Trading, LLC; any entity in which any excluded person has a controlling interest; the legal representatives, heirs, successors, and assigns of any excluded person; and any person or entity that validly sought exclusion from the Class in connection with the Notice of Pendency of Class Action and who did not opt back into the Class pursuant to the Settlement Notice (defined herein).

B.   On November 17, 2017, the Class Representatives filed an unopposed motion for approval of the form and content of notices of pendency of the Action as a class action, and the methods for providing notice to the Class. ECF Nos. 109–110. On November 21, 2017, the Court entered an order approving the Class Representatives' notice of pendency program, which included the Notice of Pendency of Class Action (the "Class Notice"), which was mailed by first-class mail to all potential Class Members who the Class Representatives could identify and posted on the case website www.LiquiditySecuritiesLitigation.com, and publication of a Summary Notice of Pendency of Class Action. ECF No. 111.

C.   On March 14, 2018, Class Representatives filed an affidavit attesting to, among other things: (i) the mailing and posting of the Class Notice and the publication of the summary

2

notice; (ii) that requests for exclusion from the Class were required to be postmarked no later than February 20, 2018; and (iii) that as of March 12, 2018, the administrator had received nine (9) requests for exclusion from the Class, of which six (6) were valid. *See* Aff. of Jose C. Fraga, ECF No. 115.

D. Class Representatives, on behalf of themselves and each of the members of the certified Class, and the Defendants entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the Action, dated as of June 19, 2018. *See* Unopposed Mot. for Preliminary Approval of Class Action Settlement, ECF No. 116. Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered June 21, 2018 (the "Preliminary Approval Order"), ECF No. 118, the Court scheduled a hearing for October 5, 2018, at 9:30 a.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; and (ii) determine whether a judgment, substantially in the form provided for in the Stipulation, should be entered, *id.* at 3–12.

E. Pursuant to the Preliminary Approval Order, the Court also ordered that the Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses (the "Settlement Notice") and a Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, not later than (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Class Members who could be identified through reasonable effort, and that a Summary Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses (the "Summary Notice"),

substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business Daily* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  *Id.*  The Settlement Notice (i) summarized the material facts relating to, and terms of, the Stipulation and the Settlement and (ii) advised potential Class Members of the date, time, place, and purpose of the Settlement Hearing.  The Settlement Notice further advised Class Members of their right to object, that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by September 14, 2018, and that any requests to opt back into the Class were to be received by September 14, 2018.  Preliminary Approval Order, Ex. 1, Notice of Settlement at 15–32, ECF No. 118.

       F.       The provisions of the Preliminary Approval Order as to notice were complied with.  *See* Jt. Decl. Supp. Mot. Final Approval ("Jt. Decl.") ¶¶ 66–71, ECF No. 122.  On August 31, 2018, Class Representatives moved for final approval of the Settlement, as set forth in the Preliminary Approval Order.  *See generally* Mot. Final Approval of Class Action Settlement ("Mot. Final Approval"), ECF No. 120.  The Settlement Hearing was duly held before this Court on October 5, 2018, at which time all interested Persons were afforded the opportunity to be heard.  Minute Entry, dated Oct. 5, 2018.

## II. FINDINGS

       A.       The Court finds that the mailing and publication of the Settlement Notice, Summary Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to, and did, apprise Class Members of the terms, nature, and effect of the Settlement, the Plan of Allocation, Class Counsel's request for an award of attorneys' fees and payment of litigation expenses incurred in connection with the prosecution of the Action,

4

and Class Members' right to object, right to opt back into the Class, and right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

B. Copies of the Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses (the "Settlement Notice"), which included the Plan of Allocation, were mailed to over 93,200 potential Class Members and nominees. No objections to the Settlement have been received.

C. In light of the benefits of the Settlement to the Class; the complexity, expense, and likely possible duration of further litigation against Defendants; the risks of establishing liability and damages; and the costs of continued litigation, the Court hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects, and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations, including pursuant to mediation conducted by an experienced retired federal judge, between experienced counsel representing the interests of both the Class and Defendants, all of whom had a firm understanding of the factual and legal issues in dispute.

D. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

**III.    ORDER**

Upon consideration of the foregoing **BACKGROUND** and **FINDING**S, it is hereby

1.      **ORDERED** that this Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on June 20, 2018; and (ii) the Settlement Notice, which was filed with the Court on August 31, 2018.  Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation; and it is further

2.      **ORDERED** that the Amended Complaint for Violations of the Federal Securities Laws, filed on December 15, 2014 ("Complaint"), ECF No. 35, is **DISMISSED** in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation; and it is further

3.      **ORDERED** that, upon the Effective Date, Class Representatives and each and every other Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacity as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed, with prejudice, each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties.  Any Person listed on Exhibit A hereto has submitted a request for exclusion that has been accepted by the Court, shall not be deemed a Class Member, and shall not be bound by the terms of the Stipulation or this Judgment; and it is further

4.      **ORDERED** that, upon the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacity as such, shall be deemed to have fully, finally, and forever waived,

released, discharged, and dismissed, with prejudice, each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties; and it is further

5. **ORDERED** that each Class Member, whether or not such Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation; and it is further

6. **ORDERED** that this Judgment and the Stipulation, whether or not consummated, and any statements, documents, discussions, negotiations, proceedings, or agreements relating to the Stipulation or the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Parties or other Released Parties, or their respective counsel, for any purpose other than to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of Defendants, or any of them, or any of LSI's current or former officers, directors, or employees, as evidence of, or construed as, or deemed to be evidence of, or any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Class Representatives and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault, or wrongdoing of Defendants or any person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of Defendants, or any of them, or any of LSI's current or former officers, directors, or employees,

as evidence, or a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Class Representatives, or any other member of the Class as evidence of any infirmity in the claims of Class Representatives, or the other members of the Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of Defendants, or any of them, or any of LSI's current or former officers, directors, or employees, Class Representatives, any other member of the Class, or their respective counsel, as evidence of, or a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any Defendants, or any of LSI's current or former officers, directors, or employees, Class Representatives, other members of the Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against Defendants, or any of them, or any of LSI's current or former officers, directors, or employees, Class Representatives, or any other member of the Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received as evidence of or as an admission, concession, or presumption against Class Representatives, or any other member of the Class, that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; and it is further

7. **ORDERED** that the administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person

to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court; and it is further

8.  **ORDERED** that, in the event that this Judgment does not become Final or the Settlement, for any other reason, is terminated or does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; and it is further

9.  **ORDERED** that, without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation; and it is further

10. **ORDERED** that the Parties are hereby directed to consummate the Stipulation and to perform its terms; and it is further

11. **ORDERED** that a separate order shall be entered regarding Class Counsel's motion for an award of attorneys' fees and payment of expenses, and a separate order shall be entered regarding the Plan of Allocation set forth in the Notice.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment; and it is further

12. **ORDERED** that, without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement and the provisions and terms of the Stipulation; (ii) the allowance, disallowance, or adjustment of any Class Member's claim on equitable grounds and any award from or other distributions of or from the Settlement Fund; (iii) the Plan of Allocation and any disposition of the Settlement Fund; (iv) the hearing and determination of any application(s) for attorneys' fees, costs, interest, and

payment of expenses in the Action; (v) all Parties and members of the Class for the purpose of construing, enforcing, and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing; and it is further

13.     **ORDERED** that the Clerk of the Court is directed to close this matter.

**SO ORDERED**.

Date: October 5, 2018

_____
BERYL A. HOWELL
CHIEF JUDGE

## **EXHIBIT A**

1. Brady Family Trust, La Quinta, CA

2. Ivan J. Glick, Belleville, PA

3. Nikki Corcoran, Vinton, VA

4. Larry W. True, Georgetown, KY

5. Shashank Beerla, Newark, DE

6. Elizabeth Ann Browne, Nashville, TN