UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEONARD HOWARD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIQUIDITY SERVICES INC., *et al.*,<br><br>Defendants. | Civil Action No. 14-1183 (BAH)<br><br>Chief Judge Beryl A. Howell |

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

Upon consideration of the matters discussed at and submitted in connection with the Settlement Hearing on October 5, 2018 (the "Settlement Hearing") on Class Counsel's motion for an award of attorneys' fees and payment of litigation expenses and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested, the Court makes the following **FINDINGS**:

1. Notice of Class Counsel's motion for an award of attorneys' fees and payment of litigation expenses, ECF No. 121, was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for an award of attorneys' fees and payment of litigation expenses satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause),

and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

2. There have been no objections to Class Counsel's request for attorneys' fees, litigation expenses, or the Class Representatives' request for reimbursement pursuant to the PSLRA.

3. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $17,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Class Counsel;

(b) More than 93,200 copies of the Settlement Notice were mailed to potential Class Members and nominees stating that Class Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and litigation expenses in an amount not to exceed $980,000, including reimbursement to the Class Representatives pursuant to the PSLRA;

(c) The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Class Representatives, sophisticated institutional investors that were directly involved in the prosecution and resolution of the Action;

(d) Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(f) Class Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(g) Class Counsel devoted more than 20,797 hours to the prosecution and resolution of the Action, with a lodestar value of $10,742,591.75 to achieve the Settlement; and

(h) The amount of attorneys' fees awarded and litigation expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

Upon consideration of those **FINDINGS**, it is hereby

1. **ORDERED** that this Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated as of June 19, 2018 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation; and it is further

2. **ORDERED** that Class Counsel are hereby awarded attorneys' fees in the amount of 25% of the Settlement Fund (or $4,250,000, plus accrued interest at the same rate as earned by the Settlement Fund); and $790,897.81 in payment of Class Counsel's litigation expenses, plus interest at the same rate earned by the Settlement Fund, which sums the Court finds to be fair and reasonable. Class Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel pursuant to the terms and conditions of the Stipulation; and it is further

3. **ORDERED** that Class Representative Caisse de dépôt et placement du Québec is hereby awarded $11,900 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class; and it is further

4. **ORDERED** that Class Representative the City of Newport News Employees' Retirement Fund is hereby awarded $15,074.66 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class; and it is further

5. **ORDERED** that exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order; and it is further

6. **ORDERED** that in the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation; and it is further

7. **ORDERED** that the Clerk of the Court is directed to close this matter.

**SO ORDERED**.

Date: October 5, 2018

_____
BERYL A. HOWELL
CHIEF JUDGE